## No. 5461.

### James J. O'Hara vs. City of New Orleans.

No peremptory exception filed in this court will be noticed, unless filed while the trial of the case is still pending. It is too late to file such an exception after the case is submitted.

Under a contract with a city corporation to do certain work, a contractor can not claim compensation for new, and additional work done by direction of a city official, without the consent of the city, which was not stipulated for in the contract expressly, or by implication, and which cost more than the work actually contracted for.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J.

*H. G. Morgan* for plaintiff and appellant.

*B. F. Jonas*, City Attorney, for defendant.

The opinion of the court was delivered by

DeBlanc, J. On the twentieth of November last this case was submitted to the court, and—on the twenty-third a plea of prescription was therein filed by defendant's attorney. At that date, this case had passed from the control of the parties and their attorneys, and no additional plea could then have been regularly filed in the same. It is true that prescription may be pleaded in the Supreme Court, but when? On the trial of the appeal and before its submission.

As justly remarked by Mr. Justice Slidell, the English translation of article 346 of the Code of Practice is not correct; the French text is in these words: "Les exceptions péremptoires qui concernent le droit, peuvent être allegués en tout état de cause, avant le jugement définitif; mais elles doivent être opposés spécialement, et *assez à temps* pour que la partie adverse puisse faire la preuve contre eux, s' il y a lieu."

The last paragraph of article 902 of said Code authorizes the party

to whom the plea of prescription is opposed in the Supreme Court, to ask the remanding of the cause for trial upon that plea.

The letter of these articles indicates that, in the appellate as well as in the lower court, such a plea should be filed *on the trial*, at any stage of the trial, and before submitting the cause to the court. Otherwise, how construe that part of article 346 which provides " that the peremptory exception shall be pleaded in time to allow the adverse party to bring his evidence, etc.—and that part of article 902 which gives to that party the privilege of having the cause remanded ?

The plea of prescription urged by defendant was not filed at any stage of the trial, but *after the trial* and can not be considered.

On the eighth of June 1869, James J. O'Hara contracted with the city of New Orleans, to grade and shell Locust street, from Felicity Road to Washington street, for a price fixed in the contract. He complied with his engagement, and—on the twenty-eighth of March 1872, he accepted—from the City Surveyor—as a final settlement between him and the city, a certificate attesting that he was then entitled to the per centage which, as a guarantee and for the space of one year, the city usually retains on the stipulated price of work done under its contracts That price was $6391 83, and was due in the following proportions, to wit: By the proprietors of the lots on the front of which the work was

done . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5216 09
By the city . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1175 74

$6391 83

In 1873, on the twenty-eighth of February, James J. O'Hara brought this suit against the city alone, to recover from it the sum of eighteen hundred and twenty dollars, for extra work he alleges he has done in filling certain ditches bordering a portion of Locust street, which he graded and shelled under the already mentioned contract. That, under his agreement with the city, those ditches were to be dug and not filled, but that—owing to the delay which he experienced in obtaining from the city officers lines and levels which they were bound to furnish him, owing also to the construction of side-walks on Locust street one year after his engagement, he was compelled to fill, instead of digging the ditches alluded to, and that he had so done under instructions from the City Surveyor.

We admit that, when certain work is stipulated to be done under the directions of a street commissioner, that officer has authority to have extra work done, where it has been rendered indispensable by the action of the City Council subsequent to the making of the contract, and where, without such extra work, it would be impossible to comply with the contract—but, under no circumstances, can an official order any

new, any additional work, the cost of which, and so far as the corporation is concerned, would far exceed the cost of the work specified in the contract.

In plaintiff's bill, that prepared after the completion of his work, and which bears the date of the twenty-eighth of February, 1871, the amount charged against the city for grading and shelling the street is $1175 74. That amount was paid, and two years after the completion of the work, long after the payment of the account presented in 1871, plaintiff sued the city for $1820, the alleged value of extra work, and which exceeds by more than one third the whole of that part of the price for which the city was bound under the original contract.

The filling of ditches was certainly a fraction of the work delivered, received and settled for in 1871, and though—in the execution of the work—there may have been a difference between that which was specified and that which thereafter became necessary, it was at the date of the delivery and approval of the work that plaintiff should have claimed for all he had done, for all he considered himself entitled to. There was, between him and the city, but one contract—that of the eighth of June 1869 ; the City Surveyor testifies that he never authorized or directed plaintiff to do any other work than that called for by his contract. In so doing, he would have exceeded the bounds of his authority. For the work to be performed under the aforesaid contract, only one price could have been asked, only one price was to be paid, and—for the price agreed upon and fixed, plaintiff receipted in full, without reserving his non-asserted right to an extra compensation.

The views already expressed dispense us from discussing and passing upon the bills of exception taken by plaintiff : for, admitting that every answer excluded by the lower court would have been favorable to his cause, the excluded evidence would not have changed our conviction that he can not recover against the city, because:

1. If he performed any extra work, he did so—not at the request of the city—but, as he contends, at the request of the City Surveyer, and that official could not have legally substituted—to the parties' original contract—another, a different, a more onerous contract, one binding that corporation—without its knowledge or consent—to pay, for extra work, more, much more than it had agreed and bound itself to pay for the whole of the work.

2. In strict accordance with its obligation, the city has paid for every foot of work charged against it, in plaintiff's own account; and the terms of his receipts, in 1871, and 1872, for what he has done under the contract of 1869, and for whatever he then claimed and accepted as due to him under said contract, are alone sufficient to defeat his action.

The judgment appealed from is affirmed with costs.