On Motion to Remand.
 

 PER CURIAM.
 

 After this case had been submitted and the opinion duly written in accordance with “the conclusion of the court reached in consultation before the case is assigned for writing the opinion” (Const. 1921, art. 7, § 6, p. 37), defendant filed a motion to remand the case for the purpose of taking evidence upon
 
 a new issue
 
 then raised for the first time, to wit, that at the time relators made their application for a permit to build, the defendant had in contemplation a “zoning” ordinance covering the whole city, and particularly prohibiting the construction of the kind of building contemplated by relators (a drive-in filling station) in the neighborhood where relators intend to build. Which ordinance was adopted April 25, 1927 and promulgated April 28, 1927; that is to say,
 
 after
 
 the judgment in the court below.
 

 (1) If the fact that defendant contemplated, an ordinance (which it might never pass) was a defense to this action (which we doubt), the place to present that issue was in the lower court, and the time to present it was before the judgment was rendered;
 

 (2) The passage of a city ordinance after a final judgment fixing the rights of parties at the time of its rendition cannot avail to disturb the rights acquired by virtue of that judgment (City of Shreveport v. Dickason, 160 La. 563, 107 So. 427);
 

 (3) Even if such defenses were good, they could not be urged for the first time in this court, since the proof thereof does not appear by the mere examination of the record (C. P. art. 902); and
 

 (4) Even if such pleas were permissible in this court, they should have been presented before the case was submitted (O’Hara v. City of New Orleans, 30 La. Ann. 152).
 

 The motion to remand is therefore denied»