The defendant appealed from a judgment in the District Court which revived a former judgment which had been rendered against her on December 11, 1931. The judgment appealed from was rendered on confirmation of default on February 23, 1942, a preliminary default having been entered on January 23, 1942, or thirteen days previously.
Admittedly, the only issue presented by the appellant was one of prescription, the contention being that she was not timely and seasonably cited and served with the plaintiff's petition asking and praying that the judgment of December 11, 1931, be revived. On that issue, the case, after it had been fully argued both orally and in briefs, was on April 6, 1942, submitted and taken under advisement.
Upon consideration and after examining the record, it was noted that the judgment on which the appeal is predicated was lacking and it was also noted that although the only issue before the court was a plea of prescription, no such plea had been filed.
Accordingly, on June 1, 1942, the case was remanded to the District Court for the purpose of having such documents as were missing from the record therein supplied and otherwise completing the same, in order that the case might be considered on the appeal. The clerk of the district court at once supplied the missing judgment, but, although in the written opinion and decree handed down when the case was remanded, there was a suggestion that the plea of prescription on which appellant relied was also lacking and that the same could not be supplied by the court, the record was returned to this court without any such plea.
On June 18, 1942, appellant finally filed her formal plea of prescription. This however was seventeen days after the case had been remanded and more than ten days after the transcript had again been lodged in this court and the case thereby resubmitted. We think the plea now comes too *Page 719 
late and the appeal cannot be entertained on that issue.
The statement in the opinion remanding the case, to the effect that it is elementary that the plea of prescription could not be supplied by the court, was after all, but a mere expression of the law as provided in Article 3463 of the Revised Civil Code which tersely prescribes that "courts cannot supply the plea of prescription." The article immediately following, as will be noted, permits its filing at every stage of the cause, "even on the appeal" but provides further that it must "be pleaded expressly and specially before the final judgment." Under Article 3465 of the Revised Civil Code it is provided that the plea cannot be filed in the Supreme Court "unless the proof of it appear from documents exhibited or testimony taken in the inferior court", and by Article 902 of the Code of Practice, it is provided that prescription may be pleaded before the Supreme Court, "when the proof of it appears on the face of the proceeding in the lower court." This article, it is noted, further gives the right to the party to whom the plea is opposed to demand that the case be remanded to the lower court for trial upon the plea.
In the present case the plea grows out of the record itself and on the face of the proceedings had in the lower court and there is no doubt but that had it been expressly and specially pleaded in time in this court it would have been entitled to consideration and should have been passed on. But as it was filed only ten days after the case had been resubmitted, it cannot now be entertained.
In the case of James J. O'Hara v. City of New Orleans, 30 La.Ann. 152, a plea of prescription was filed in the Supreme Court three days after the case had been submitted and it was held to have been filed too late as the case had then "passed from the control of the parties and their attorneys, and no additional plea could then have been regularly filed in the same." The court further remarked that it is true that prescription may be pleaded in the Supreme Court but in answer to its own question as to what time it should be so pleaded, stated: "On the trial of the appeal and before its submission." As pointed out in the opinion, if it could be pleaded after submission, the right given under Article 902 of the Code of Practice to the party to whom it is opposed to have the case remanded would thereby be made totally ineffective.
In State ex rel. Hundley v. City of Alexandria, 164 La. 624,114 So. 491, the Supreme Court held that the filing of certain pleas as a defense, after the case had been submitted in that court, and on which the relator sought to have the case remanded to the district court, was too late and cited in support of its ruling the case of James J. O'Hara v. City of New Orleans, supra.
In Sample et al. v. Whitaker et al., 171 La. 949, 132 So. 511, 513, the court had under consideration the question whether a plea of prescription acquirandi causa had been timely filed in the Supreme Court and whilst the plea was entertained even though filed after the case had been argued and submitted, it was, as stated in the opinion, because of "the peculiar circumstances of the case." The court particularly stated however that the cases of James J. O'Hara v. City of New Orleans and State ex rel. Hundley v. City of Alexandria, on which the appellant relied, did announce "the general rule that it is too late to file a peremptory exception in the Supreme Court after the case has been submitted." The opinion then discusses the peculiar or exceptional features which governed the case then before it, one of which was that the attorney for the defendant had announced before the argument was begun that he would file the plea and stated that he assumed that he could do so as effectively after as before the argument, to which statements the court made no response. It was thought that by its silence, the attorney had the right to assume that the court had granted him the right to file the plea after argument, and for that reason it was considered and passed upon.
In the instant case the situation is just the reverse of that which was presented to the court in that case. When the case was argued it was suggested to counsel for the defendant and appellant that the sole defense presented being prescription, a special plea might be necessary if it were to be considered. No attention was given to the suggestion. When, on examination of the record, it was discovered that there was no signed judgment and that the case would have to be remanded, it was again called to the attention of the appellant in the opinion then handed down that there was no plea of prescription in the record and that the court could not supply the same. In spite of all this it was not until ten days or more after the record had been returned and the case thereby resubmitted in this *Page 720 
court that a plea was finally filed. The circumstances are the exact opposite therefore of those which appeared in the case of Sample et al. v. Whitaker et al., supra, and, following the rule as announced in the other two cases therein referred to that it is too late to file a plea such as this in the appellate court after the case has been submitted, there seems to be no other alternative than to ignore it as having been filed too late.
The plea of prescription, as already stated, being the only issue presented on this appeal, it follows that the judgment which in all other respects seems to be correct, will have to be affirmed.
Judgment affirmed.
DORE and OTT, JJ., concur.