102 So.2d 781 (1958)
MERCHANTS ADJUSTMENT BUREAU, Inc., Plaintiff-Appellee,
v.
John MALTA, Defendant-Appellant.
No. 8769.
Court of Appeal of Louisiana, Second Circuit.
April 22, 1958.
*782 William G. Kelly, Jr., Monroe, for appellant.
Love & Rigby, Shreveport, James A. Hobbs, West Monroe, for appellee.
AYRES, Judge.
This is an appeal from a judgment confirming a default. Plaintiff, as assignee of an open account of the Wright-Bendel Clinic, seeks to recover of the defendant the sum of $815.80. The account and the assignment thereof executed by Dr. W. L. Bendel, a partner in the Clinic, were attached to plaintiff's petition. On confirmation of default, the bookkeeper of this plaintiff identified the statement of the account taken from the ledger sheet of the Clinic and testified that the assignee was the owner of the account. Judgment was rendered in plaintiff's favor for the amount claimed, and defendant has appealed.
Errors specifically relied upon by the defendant in this court are (1) that Dr. Bendel's affidavit was not sufficient to assign the account to plaintiff; (2) that plaintiff failed to produce evidence adequate to sustain a judgment, and (3), in the alternative, that the account, in excess of $50, was prescribed by the lapse of three years.
Defendant's first contention is predicated upon the proposition that the Wright-Bendel Clinic was a partnership having an entity separate and distinct from the members thereof and that the account sued upon was an asset of the partnership and as a consequence of which the purported assignment executed by Dr. Bendel was his individual act, insufficient as such to constitute an assignment of the account to plaintiff. We find no merit in this contention for the reason that the assignment executed by Dr. Bendel before a notary public recited Dr. Bendel was a member of the aforesaid partnership and was duly authorized to execute the assignment and the affidavit contained therein. This constituted, at least, prima facie proof, sufficient in the absence of any showing to the contrary.
Defendant's second contention is based upon two propositions: (1) That the open account as to which Dr. Bendel's affidavit attested to the correctness was not an itemized statement of the account, and (2) that the open account, exceeding $500 in amount, was not established by the testimony of at least one credible witness and other corroborating circumstances, and that, therefore, on the confirmation of the aforesaid default, plaintiff did not prove its demand. Code of Practice Art. 312 provides:
"If, two days (whether judicial or non-judicial but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof." (Emphasis supplied.)
There is no requirement in this article that the account be itemized. Moreover, under Code of Practice Art. 360, when a defendant suffers a judgment by default to be taken against him, the issue is joined tacitly, and in such situation the defendant is presumed by his silence to have confessed the justice of his adversary's demands, and his silence in permitting a default judgment in an action on an open account precludes his raising on appeal the question of the sufficiency of the statement of account sued upon. In F. Strauss & Sons, Inc., v. Economy Cash Grocery, 18 La.App. 454, 138 So. 191, 192, the account sued upon was made out on one of plaintiff's regular billheads. It consisted of a list of charges showing the dates and amounts of each separate day's sales. The specific items making up the several separate amounts were not shown. In appealing from a default judgment, the defendants attacked the sufficiency of the statement of account, particularly *783 as to its non-itemization. In disposing of that contention, this court stated:
"Counsel for defendant argues that sufficient evidence has not been produced on which to base a judgment and that, therefore, it should be reversed and the case either dismissed or remanded. Fault is found with the account attached to the petition on the ground that it is not sufficiently itemized. If defendant was not satisfied with the account as rendered, it was in its power to ask for an itemized statement in accordance with its wishes before default was entered and confirmed. Otherwise the account as rendered appears sufficient to us as it did to the judge of the lower court. In permitting judgment by default to be taken against it, the defendant is presumed by its silence to have confessed the justice of the plaintiff's demand. C.P. Art. 360. The account as rendered and produced on the trial of the case, in the absence of any objection, fully apprised the defendant and the court of what plaintiff was demanding."
The account as rendered and produced at the trial fully informed the defendant and the court as to plaintiff's demands. See also Meyer v. Esteb, La.App., 75 So.2d 421.
As to the second of these propositions, defendant contends that plaintiff's claim requires compliance with LSA-C.C. Art. 2277 relating to proof of obligations for the payment of money in excess of the sum of $500. This objection is untenable because it is not shown that any of the items of the account exceed $500. In such a case it appears well settled that the aforesaid Codal provision is without application and that the testimony of one witness as to each item of an account is sufficient, even though the aggregate exceeds $500. Berges v. Daverede, La., 23 So. 891, and the authorities therein cited; Wadlington v. Barron, La.App., 91 So.2d 448. Moreover, under Code of Practice Art. 312, an affidavit of correctness of an account sued upon constitutes prima facie proof. The sworn recitals contained in the assignment comply with this requirement.
Neither is there any merit in defendant's contention that plaintiff failed to offer in evidence Dr. Bendel's affidavit as to the account and the assignment thereof to plaintiff. The note of evidence reveals that in the confirmation of the default evidence was taken as to the identity of the account and its assignment, following which, and as shown by the record, plaintiff's counsel particularly directed the court's attention to the fact that the assignment is part of the record, after which he moved for judgment. In the reference made, the intent to formally introduce the document in evidence is obvious. We know of no rule of law, nor have we been referred to any, requiring the use of any specific language in the filing of documents in the trial of a case. Such a rule would appear highly technical.
Finally for consideration is defendant's plea of prescription under LSA-C.C. Art. 3538 which provides that actions of physicians, surgeons and hypothecaries for visits, operations and medicines, as well as on other open accounts, are prescribed by three years. This appeal was duly docketed for hearing March 31, 1958, briefed, argued orally, and submitted to the court for decision on that date. However, no formal plea of prescription was filed until April 7, 1958. A plea of prescription is a peremptory exception, (C.P. Art. 345) and may be pleaded at every stage of the action previous to definitive judgment, but must be pleaded specifically and in sufficient time to allow the adverse part to produce its, evidence (C.P. Art. 346), and may be pleaded on appeal. LSA-C.C. Art. 3464C.P. Art. 902. However, the jurisprudence is well settled that a plea of prescription may not be filed after the case has been submitted for decision.
In O'Hara v. City of New Orleans, 30 La.Ann. 152, it was held that on the submission of the case to the court for decision *784 the case passed from the control of the parties and their attorneys, and no additional plea could thereafter be regularly filed in the case; that no peremptory exception so filed in that court would be given considerationthat it was too late to file such an exception after the case had been submitted. A provision of C.P. Art. 902 authorizes the party to whom the plea of prescription in the Supreme Court is opposed to request that the cause be remanded for trial upon that plea. In giving consideration to this provision and other provisions of C.P. Art. 346, the court stated:
"The letter of these articles indicates that, in the appellate as well as in the lower court, such a plea should be filed on the trial, at any stage of the trial, and before submitting the cause to the court. Otherwise, how construe that part of the article 346 which provides `that the peremptory exception shall be pleaded in time to allow the adverse party to bring his evidence', etc.and that part of article 902 which gives to that party the privilege of having the cause remanded?
"The plea of prescription urged by defendant was not filed at any stage of the trial, but after the trial and can not be considered."
The Supreme Court held in State ex rel. Hundley v. City of Alexandria, 164 La. 624, 114 So. 491, that the filing of certain pleas as a defense, after submission of the case to that Court, came too late.
In Sample v. Whitaker, 171 La. 949, 132 So. 511, the court had under consideration the question whether a plea of prescription acquirendi causa had been timely filed in the Supreme Court and whether the plea could be entertained after the case had been argued and submitted to the court for decision. The general rule as announced in the O'Hara and State ex rel. Hundley v. City of Alexandria cases to the effect that it is too late to file a peremptory exception in the Supreme Court after the case has been submitted was recognized. However, due to peculiar or exceptional features governing the case, one of which was that the attorney for the defendant announced before argument was begun that he would file the plea and stated that he assumed that he could do so as effectively after as before the argument, the court not having made any response to this statement, it was thought that by its silence the attorney had the right to assume the court had granted him the right to file the plea after argument. Accordingly, the plea was considered and passed upon.
In Smith v. Jones, La.App., 8 So.2d 718, it was held where defendant's plea of prescription was not filed until more than ten days after the case was submitted to the court of appeal, the plea came too late for consideration.
It is stated by Professor Henry G. McMahon in 9 Tulane Law Review, P. 38, that "Possibly the only exceptions to the rule that such exceptions (exceptions of no cause of action founded on law) may be pleaded at any stage of the proceedings are the rules that they may not be filed in either the trial or the appellate courts after a submission of the case to the court."
To the same effect is a similar statement in 11 Tulane Law Review, P. 534, concerning the filing of an exception of want of interest as a peremptory exception founded on law.
In view of the fact the courts cannot supply a plea of prescription (LSA-C.C. Art. 3463) but that prescription must be expressly pleaded by the party relying thereon (LSA-C.C. Art. 3464 and C.P. Art. 346), presentation of the issue in brief or oral argument is neither sufficient to raise the issue of prescription nor to stand in lieu of a formal plea of prescription. Mansfield v. Doherty, 21 La.Ann. 395; Daniel & J. D. Edwards v. Harrison et al., 23 La.Ann. 473; State ex rel. Watkins v. Baten, 48 La.Ann. 1538, 21 So. 119; De Bouchel v. Koss Const. Co. Inc., 180 La. 615, 157 So. 270; Succession of *785 Thompson, 191 La. 480, 186 So. 1; Pelican Well Tool & Supply Co. v. Dickson, 12 La.App. 545, 126 So. 543; Carpenter v. Cox, La.App., 186 So. 863; Smith v. Jones, La.App., 8 So.2d 352.
Even the particular prescription relied upon must be stated in the exception, otherwise it cannot be considered by the court. Gaines v. Succession of Del Campo, 30 La.Ann. 245, 246.
Therefore, we have no alternative under the settled jurisprudence other than to ignore the plea as having been filed too latewe are powerless to give it any consideration.
Disposition of the other issues presented having been made adversely to defendant's contention, it necessarily follows that the judgment appealed should be and it is hereby affirmed at appellant's cost.
Affirmed.