ON REHEARING
Before ELLIS, LOTTINGER, HER-GET, LANDRY and REID, JJ.
PER CURIAM.
In our initial decree we reversed the judgment of the trial court in favor of plaintiff *896 appellee, Frank S. Noel, holding that said appellee had failed to establish his plea of 30 years prescriptive title to subject property. In substance, our original decree was predicated upon the finding that there was no privity of contract between Noel and his predecessors in title, consequently, the possession of Noel’s authors could not be “tacked on” to Noel’s own possession for the purpose of establishing possession for the 30 year period prescribed in Article 3499, LSA-R.C.C. and that Noel, having failed to establish possession in himself for 30 years, had not discharged the burden of proving possession sufficient to maintain his plea of prescription.
Although convinced of the correctness of our initial decree disposing of appellee’s plea of prescription pursuant to Article 3499 LSA — R.C.C., we nevertheless granted ap-pellee a rehearing herein to consider ap-pellee’s contention that we should have disposed of appellee’s plea of 30 years prescription pursuant to Article 852 LSA-R.C.C. whereunder possession of one’s authors or ancestors in title may be tacked on to one’s own possession, considering settlement of the dispute between the litigants at bar in effect establishes the boundaries between their respective estates.
Appellee’s plea of thirty years prescription (filed in defense of appellant’s answer which converted this initial slander of title suit into a petitory action) reads in full as follows:
“1.
“That in addition to all of the manners in which the said Frank S. Noel has acquired title to the immovable property described in the article numbered First in the said Frank S. Noel’s original petition heretofore filed herein, the said Frank S. Noel has acquired title to said immovable property by the prescription of thirty years, which prescription the said Frank S. Noel hereby expressly pleads.
“2.
“In the alternative and in the event that the court should hold that the said Frank S. Noel has not acquired title to said immovable property by prescription, then and in that event the said Frank S. Noel, Mrs. Juanita Noel Jof-frion, R. Everett Noel, Wilfred J. Noel, Mrs. Lillian Noel Wood, J. Meredith Noel, Mrs. Eloise Noel Hall and Easton Noel have acquired the ownership of said immovable property together and in indivisión by the prescription of thirty years, which prescription the said Frank S. Noel hereby expressly pleads, and, therefore, the defendant herein, Jumonville Pipe and Machinery Company, Inc., does not own said immovable property or any part thereof and has no right, title, interest or claim in or to said immovable property.
“WHEREFORE, the said Frank S. Noel prays that this plea of prescription be sustained and that it be ordered, adjudged and decreed that the said Jumonville Pipe and Machinery Company, Inc. does not own said immovable property or any part thereof, and that said Jumonville Pipe and Machinery Company, Inc. has no right, title, interest or claim in, to or against said immovable property.
“And the said Frank S. Noel further prays for costs and all general and equitable relief.”
Even a casual reading of the hereinabove set forth plea of prescription reveals that neither Article 852 nor 3499 LSA-R.C.C. were specifically relied upon or mentioned. The plea merely states that appellee is the owner of subject property by virtue of ap-pellee having acquired same by thirty years prescription. It is not therein contended that the limits of appellee’s alleged possession extended to visible borders and confines which formed the boundaries of the properties belonging to appellee and appellant.
*897 It is conceded by esteemed counsel for ap-pellee that appellee’s present claim of ownership pursuant to prescriptive title allegedly acquired in conformity with Article 852 LSA-R.C.C., was not raised in the trial court. Learned counsel for appellee further acknowledges that the plea of prescription predicated upon the aforesaid Article 852 was expressly and specifically raised, for the first time, in this court in appel-lee’s application for rehearing following our original decree reversing the judgment of the trial court in appellee’s favor. In this regard we quote the following appearing in the brief filed in support of appellee’s application for rehearing herein:
“ * * * Counsel for appellee, Frank S. Noel, fully realizes that this point was not raised in brief or oral argument under our plea of thirty-year prescription filed in the lower court and reurged by appellee in the original hearing of this matter in this Court. However, the law is clear that the matter of prescription can be raised at every stage of the proceeding, even on appeal, providing the proof of it appears by the mere examination of the record.”
Illustrious counsel for applicant, Noel, is quite correct in arguing that a plea of prescription may be filed at any time, even on appeal. LSA-C.C.P. art. 2163; Finkelstein v. American Ins. Co. of Newark, N.J., La.App., 58 So.2d 338, reversed on other grounds, 222 La. 516, 62 So.2d 820; Rohm v. Jallans, 134 La. 913, 64 So. 829. It is equally well settled, however, that a plea of prescription may not be filed in the appellate court in an application for rehearing. Allen, Nugent & Co. v. Buisson, 35 La.Ann. 108. If a plea of prescription is entered in an appellate court it must be pleaded before the case is submitted. LSA-C.C.P. Article 2163; O’Hara v. City of New Orleans, 30 La.Ann. 152; Stark v. Burke, Watt & Co., 9 La.Ann. 344; Smith v. Jones, La.App., 8 So.2d 718.
It is clear beyond question that after having pitched his title on prescription predicated upon alleged 30 years adverse possession without expressly alluding to either Article 852 or 3499 LSA-R.C.C., ap-pellee, in the court below, limited and restricted his efforts to an attempt to establish title pursuant to Article 3499. No mention of Article 852 appears in any pleading filed on behalf of appellee in the trial court. The written reasons for judgment 'handed down by our learned brother below reflect that appellee’s plea of prescription was presented and urged solely pursuant to Article 3499 LSA-R.C.C.
We observe in the learned trial judges’ reasons for judgment the following:
“It is obvious that neither Noel has possessed the property for the required length of time, and that the son (ap-pellee) can prevail in this litigation only by tacking to his possession that of his father. * * *
“The two possessions constituting in reality one continuous possession extending for a period in excess of thirty years, and that possession meeting in the opinion of the court, all of the requirements of Article 3500, the plea of thirty years prescription will be maintained.”
It is significant to observe that not only did the trial court fail to mention or deal with the prescription of thirty years applicable in boundary actions pursuant to the provisions of Article 852 but also that counsel for appellee readily concedes such issue was not raised in the court below and was in fact initially tendered in counsel’s application for rehearing made before this court subsequent to rendition of our original judgment reversing and setting aside the trial court’s judgment in favor of appellee predicated upon showing of prescriptive title under Article 3499.
From the foregoing it appears abundantly clear that at no time during the trial below *898 did appellee rely upon a prescriptive title allegedly acquired pursuant to Article 852. On the contrary, despite the general and all embracing nature of appellee’s plea as here-inbefore shown, appellee during the trial, concerned his efforts solely to establishing title by adverse possession as contemplated in Articles 3499 and 3500 LSA-R.C.C. In essence, therefore, appellee seeks upon rehearing, to tender an issue neither raised in the trial court nor passed upon by the court below.
Assuming, arguendo, a plea of thirty years prescription which fails to specify the precise statutory or codal article upon which it is predicated must, nevertheless, be deemed to include and permit the introduction of evidence to establish every theory or basis for such plea known to our law, the pleader is not relieved of the obligation of timely urging the precise prescriptive provision or provisions upon which he relies to establish his case.
Further assuming the appellee’s said prescriptive plea permitted the urging of every thirty year prescription recognized under our jurisprudence, it must be remembered that, as a general rule, all pleas not urged in or passed upon by the trial court are presumed abandoned. Ash v. Livingston State Bank & Trust Co., La.App., 129 So.2d 863; Garvey v. Great Atlantic & Pacific Tea Co., La.App., 125 So.2d 634. Conceding a plea of prescription to be an exception to the foregoing general rule in that it may be ttrged for the first time on appeal, nevertheless prescription must be pleaded prior to submission of the cause to the appellate court. O’Hara v. City of New Orleans, supra. Even the liberal provisions of presently effective Article 2163 LSA-C.C.P. do not permit initial pleading or urging of a plea of prescription upon application for rehearing in the appellate courts.
In our judgment, it would be the height of inconsistency to hold that notwithstanding a plea having been abandoned for lack of prosecution in the trial court, it may nevertheless be urged initially in the appellate court despite the cause having progressed to the procedural stage beyond which the plea could not be properly filed.
We hold therefore that appellee’s attempt to invoke the provisions of LSA-R.C.C. Article 852 for the first time in appellee’s application for rehearing before this court is prohibited by the procedural rules and requirements obtaining under our jurisprudence and laws.
It follows, therefore, that our original decision herein decreeing and recognizing defendant-appellant, Jumonville Pipe and Machinery Company, Inc., as owner of subject property is correct and said judgment is hereby reinstated and made the final judgment of this court.