# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 06- 434

**SCOTT HARRISON**

**VERSUS**

**LAKE CHARLES MENTAL HEALTH, ET AL.**

**************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-4084
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**************
**MARC T. AMY**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**EXCEPTION OF PRESCRIPTION GRANTED. CLAIM DISMISSED WITH PREJUDICE.**

**Cooks, J., dissents and assigns written reasons.**
**Saunders, J., dissents.**

> **Colleen McDaniel**
> **Assistant Attorney General**
> **Louisiana Department of Justice, Division of Risk Litigation**
> **556 Jefferson Street, 4ᵗʰ Floor**
> **Lafayette, LA 70501**
> **(337) 262-1700**
> **COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Lake Charles Mental Health, et al.**

> **Scott Harrison**
> **General Delivery**
> **Central Station**
> **Kerrville, TX 78028**
> **COUNSEL FOR PLAINTIFF/APPELLANT:**
> **In Proper Person**

AMY, Judge.

The plaintiff filed a petition asserting entitlement to damages related to termination of services by the Lake Charles Mental Health Care Center. The defendants construed the claim as one for medical malpractice and filed an exception of prematurity due to the failure to request review by a state medical review panel. The trial court granted the exception. The plaintiff appeals this determination. In this court, the defendants have filed an exception of prescription. For the following reasons, we grant the exception of prescription and dismiss the plaintiff's claim with prejudice.

**Factual and Procedural Background**

The record indicates that the plaintiff, Scott Harrison, filed the petition instituting this matter on August 20, 2002. In that petition, Mr. Harrison asserts that he had been treated as an outpatient at the Lake Charles Mental Health Care Center for an alleged mental health condition, but that the treatment was terminated on August 21, 2001. Thereafter, he was unable to receive the medication he asserts is necessary for his condition. This initial petition indicates that Mr. Harrison received notice of the termination of treatment on September 10, 2001. The Lake Charles Mental Health Care Center, the State of Louisiana, the Department of Health and Hospitals, and various personnel were named as defendants.

The defendants filed an initial exception of prematurity in September 2002, noting that the matter had not been submitted to a state medical review panel as is required by La.R.S. 40:1299.39.1. The exception of prematurity was granted by the trial court by judgment entered January 24, 2003.

Thereafter, on June 16, 2005, the defendants again filed an exception of prematurity, stating that, in May 2005, the plaintiff filed a Request for Expert Medical

Review Panel.[1]  According to the defendants, the filing was again a complaint regarding denial of psychiatric medication and, as the claim had not yet been presented to a state medical review panel as is required La.R.S. 40:1299.39.1, it remained premature.  Following a hearing, the trial court granted the exception of prematurity and dismissed the plaintiff's claim without prejudice.

The plaintiff appeals the dismissal and appears to generally argue that his allegations raise claims of intentional tort and, therefore, are beyond the scope of the medical malpractice act.

For the first time on appeal, the defendants have filed an exception of prescription, and seek dismissal of the plaintiff's claim with prejudice.

**Discussion**

We begin by stating that review of the plaintiff's petition reveals no error in the trial court's treatment of this case as one for medical malpractice.  While the plaintiff's assertions are wide ranging, they stem from his claims of termination of his treatment and his inability to obtain psychiatric medication.[2]  Thus, we turn to the exception of prescription.  Louisiana Code of Civil Procedure Article 2163, permits the pleading of prescription in an appellate court in the following circumstances:

> The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
>
> If the ground for the peremptory exception pleaded in the

---

[1] We note that the appellate record does not contain the May 2005 filing referenced in the exception.  It is, however, affixed to the defendants' exception of prescription and reference has been made to the document for discussion purposes only.  There appears to be no dispute that the request was filed in the district court.

[2] Furthermore, the transcript contains discussion between the trial court and the Assistant Attorney General representing the defendants indicating that the trial court has ruled on those claims falling outside of the Medical Malpractice Act.

2

appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.

As the defendants' exception of prescription was timely filed prior to submission of this case for a decision, we turn to consideration of whether the proof of the exception appears in the record.

A one-year prescriptive period is applicable in medical malpractice cases. *See* La.R.S. 9:5628(A).[3] As this case is one involving state entities, this one-year period of La.R.S. 9:5628(A) is considered in light of La.R.S. 40:1299.39.1. Entitled "State Medical Review Panel," La.R.S. 40:1299.39.1 provided as follows at the time in which suit would have been timely:

> A. (1) All malpractice claims against the state, its agencies, or other persons covered by this Part … shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner.
>
> (2)(a) *The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part*, or, in the case of a health care provider against whom a claim has been filed under the provisions of this part who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that after requesting evidence of such qualifications under this part and waiting the passage of at least ninety days, the commissioner has not received a certificate or other evidence sufficient to establish that the person is covered by this Part. The filing

---

[3] The statute provides:

> (A) No action for damages for injury or death against any physician . . . , nurse. . . , psychologist . . . , hospital . . . duly licensed under the laws of this state . . . , whether based on tort, or breach or contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

of a request for review of a claim shall suspend the running of prescription against all joint or solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review. *Filing a request for review of a malpractice claim required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription.*

(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the commissioner, or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail.

. . . .

B. (1)(a)(i) No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant's complaint has been presented to a state medical review panel established pursuant to this Section.

(Emphasis added.)

The above provision indicates that no action may be commenced in court *before* a plaintiff's complaint is presented to a state medical review panel. *See* La.R.S. 40:1299.39.1(B)(1)(a)(i). The details for requesting review are specifically addressed by La.R.S. 40:1299.39.1(A)(2). There is no indication in the record that the plaintiff complied with the above filing requirements in a timely fashion. Other than a brief reference at a 2002 hearing that the initial petition was served on "Mark Drennan", this general information fails to indicate that the specific requirements of La.R.S. 40:1299.39.1(A)(2) were either satisfied or satisfied in a timely fashion. Any filings outside the division of administration, including those in the trial court, did not suspend or interrupt the running of prescription.

Given the lack of indication that the necessary filing was timely made with the Division of Administration, the plaintiff's claim has prescribed. Nor has the plaintiff demonstrated that he can sustain his burden of coming forward with evidence to

4

indicate that it has not prescribed. *See In re Medical Review Panel for Claim of Moses,* 00-2643 (La. 5/25/01), 788 So.2d 1173.

We note that La.Code Civ.P. art. 2163 provides that, when an exception of prescription is filed for the first time on appeal, "the plaintiff may demand that the case be remanded to the trial court for trial of the exception[.]" Here, the plaintiff's brief inadequately requests this procedure, only briefly referencing the possibility of remand in this situation. In light of this failure and the lack of indication that the plaintiff would be able to satisfy his burden on remand, we grant the exception of prescription and dismiss the plaintiff's claim.

## DECREE

For the foregoing reasons, the exception of prescription filed by the defendants is granted. The plaintiff's claim is dismissed with prejudice. All costs of this proceeding are assessed to the plaintiff, Scott Harrison.

**EXCEPTION OF PRESCRIPTION GRANTED. CLAIM DISMISSED WITH PREJUDICE.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06- 434

SCOTT HARRISON

VERSUS

LAKE CHARLES MENTAL HEALTH, ET AL.

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion finding Mr. Harrison's claim has prescribed because he did not file a request for a medical review panel before September 10, 2002, which the majority acknowledges is the applicable prescriptive date. The State admitted the Division of Administration received Mr. Harrison's petition timely and the petition would be treated as a request for a medical review panel. A brief review of the procedural history of this case is in order.

Scott Harrison was a patient at the Lake Charles Mental Health Center beginning in 1986. In June 2001, he received notice that the Center was going to conduct an independent assessment as to whether his continued treatment was warranted. On September 10, 2001, he received the official notice that he was being discharged from the Center and would no longer received treatment. On August 20, 2002, he filed a petition in district court against the Center, several physician employees and the State alleging he was improperly discharged and refused psychiatric medication. The State filed an Exception of Prematurity alleging the claim must first be submitted to a medical review panel. At the hearing, Mr. Harrison asserted he did file a request for a medical review panel by sending a copy of his petition to the Clerk of Court to be served on the Division of Administration. In fact, at the hearing the State admitted: (1) Mr. Harrison's petition was served on the Division of Administration through its Commissioner, Mark Drennan; and, (2) the

petition could be treated as a request for a medical review panel. The following exchange occurred in open court between the trial court, Mr. Harrison and counsel for the State:

MR. HARRISON: At this time I have not tried to actually enforce the lawsuit without having a copy of the lawsuit served on Mark Drennan, the Medical Review Panel, in Baton Rouge. I filed a document right here which is in the court record to have the Clerk's Office serve a copy of the lawsuit upon these people in Baton Rouge, and I'm waiting for them to get back with me.

THE COURT: All right. This is what we'll do. The defense's objection as to the Exception as to Prematurity is valid, and the Court will stay these proceedings and transfer this case to the Medical Review Panel. Is there a procedure or can the Clerk's office do that, Mrs. Hollins?

MRS. HOLLINS: *He served Mark Drennan*, *therefore it can become that*, and I would continue to be the attorney to handle this as a malpractice.

THE COURT: All right. So, we will keep your lawsuit viable. We will then allow the Medical Review Panel to do whatever it has to do with this matter. And whenever they finish, whatever they say, then we will return back to your lawsuit.

A judgment was signed on January 14, 2003, in accordance with the facts presented at the hearing. The judgment granted the State's Exception of Prematurity and stayed the proceedings in district court pending review by the panel. The judgment further ordered that "Mr. Harrison shall receive representation from the Mental Health Advocacy Center on the issue of whether or not Mr. Harrison can receive medication and/or treatment at the Lake Charles Mental Health Clinic pending a final ruling in this case. The court will contact the Mental Health Advocacy Clinic to arrange the representation prior to a trial on this issue." The State did not appeal the judgment of January 14, 2003, finding a valid panel request was filed by Mr. Harrison, or make any objection to the order which stayed proceedings in district court pending the outcome of the medical review panel. Further, the State did not raise the exception of prescription at the trial level or on appeal in response to the trial judge's decision to keep the "lawsuit" alive by staying the proceedings in

district court to await review by a medical review panel.

It appears no representation was provided to Mr. Harrison from the Mental Health Advocacy Center, as ordered by the trial court, nor was a medical review panel ever convened to review his complaint. When Mr. Harrison received nothing from the Division of Administration, he returned to district court by filing another pleading entitled "Request for Expert Medical Review Panel." This pleading was filed under the same docket number as the first petition. The trial court treated this pleading as a *second* petition. The State again filed an Exception of Prematurity asserting Mr. Harrison never filed a request for a medical review panel. The trial court granted the exception of prematurity. Mr. Harrison appealed. The State answered the appeal and asserted, for the first time on appeal, an Exception of Prescription. The State argued that August 21, 2001 was the applicable prescriptive date. Alternatively, the State argued Mr. Harrison failed to submit $100 to the Division of Administration, which fee is required to convene a medical review panel.

The majority opinion finds September 10, 2001 and not August 21, 2001 is the applicable prescriptive date. However, the majority treats Mr. Harrison's pleading entitled "Request for Expert Medical Review Panel" as a second petition and grants the State's Exception of Prescription finding he did not file a request for a medical review panel prior to September 10, 2002. In so doing, the majority fails to address the primary issues in this case, namely, (1) the effect of the judgment of January 14, 2003, which stayed the proceedings in district court and ordered that Mr. Harrison receive representation; and, (2) the State's admission in open court that Mr. Harrison's original petition was received by the Division of Administration and could be treated as a request for a medical review panel. The majority opinion acknowledges there was a "brief reference at a 2002 hearing that the initial petition was served on 'Mark Drennan.'" However, the majority concludes "this information

fails to indicate that the specific requirements of La.R.S. 40:1299.39.1(A)(2) were either satisfied or satisfied in a timely fashion." Contrary to the majority's conclusion, I am satisfied the record sufficiently rebuts the State's position that prescription has run in this case. The record clearly shows the pleading he filed with the trial court on August 20, 2002 was received by the Division of Administration. For the first time, on appeal, the State "argued" without any offer of proof that Mr. Harrison did not submit the $100 fee with the original filing and, therefore, the panel was not convened. Louisiana Revised Statutes 40:1299.39.1(A)(3)(b) requires the Commissioner to "notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the commissioner." The notice must inform the plaintiff that the failure to comply will render the request for a medical review panel "invalid and without effect." The State has provided no proof that such notice was sent to Mr. Harrison. The filing of the petition with Mr. Drennan was sufficient to invoke the medical review panel process and Mr. Harrison's "Request for Expert Medical Review Panel" should have been treated as a writ of mandamus directing the Division of Administration to convene a medical review panel in accordance with the judgment of January 14, 2003. *See Munden v. State, Div. of Admin.*, 01-2326 (La.App. 1 Cir. 5/9/03), 849 So.2d 639, *writ denied,* 03-1532 (La. 10/3/03), 855 So.2d 310. I respectfully dissent from the majority opinion dismissing Mr. Harrison's claim on an exception of prescription.