# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-954

## SUCCESSION OF LOUIS KENNETH HEBERT, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80086
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

**REVERSED AND RENDERED.**

Ronald W. Melebeck
124 N. State Street - Suite 300
Abbeville, LA 70510
Telephone:  (337) 893-5776
COUNSEL FOR:
     Appellee - Karla Coleman

Raven Matthews Pillette
Matthews Pillette Law, LLC
P. O. Box 44
Abbeville, LA 70511
Telephone:  (337) 740-8828
COUNSEL FOR:
     Appellant - Louis Hebert, III

**THIBODEAUX, Chief Judge.**

In this succession proceeding opened in 2003, the trial court granted the appellee's petition, filed in 2012, to intervene and establish paternity and heirship. The trial court awarded the appellee full rights and privileges as a forced heir. Since the trial court improperly applied La.Civ.Code art. 197[1] governing filiation actions retroactively to appellee's prescribed claim under the then-in-effect law, we reverse the trial court's judgment and dismiss all claims with prejudice.

## I.

## ISSUE

We shall consider whether La.Civ.Code art. 197 governing filiation actions applies retroactively to revive a child's prescribed action for paternity and heirship.

## II.

## FACTS AND PROCEDURAL HISTORY

The decedent, Louis Kenneth Hebert Jr., died on June 27, 2003. His succession was opened in 2003, listing the appellant, Louis Kenneth Hebert III, as his only child. While the appellee, Karla Coleman, filed parentage test results with

---

[1]Louisiana Civil Code Article 197 states:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

For purposes of succession only, this action is subject to a peremptive period of one year. This preemptive period commences to run from the day of the death of the alleged father.

the court on October 2, 2003, indicating that the decedent was her biological father, Ms. Coleman did not file a formal petition of intervention to establish paternity and heirship until June 13, 2012.

The trial court granted Ms. Coleman's petition, decreeing her to be the biological child of the decedent and awarding her full rights and privileges as a forced heir. Considering Ms. Coleman turned nineteen on March 28, 2003, Mr. Hebert filed a motion for new trial, arguing that Ms. Coleman's paternity action had prescribed under the then-in-effect La.Civ.Code art. 209, which provided that a paternity action must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever occurs first. The trial court denied the motion for new trial, reasoning that Article 209 was repealed in 2005 by La.Civ.Code art. 197, which provided for a peremptive period of one year commencing on the day of the alleged father's death and eliminated the requirement that a child's paternity claim be brought prior to the age of nineteen.

III.

**STANDARD OF REVIEW**

The determination of whether a codal article applies retroactively is one of statutory interpretation that is reviewed de novo. *In re Succession of Smith*, 09-969 (La.App. 3 Cir. 2/3/10), 29 So.3d 723, *writ denied*, 10-829 (La. 6/18/10), 38 So.3d 325; *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

2

IV.

## LAW AND DISCUSSION

Mr. Hebert argues that La.Civ.Code art. 197 does not apply retroactively to Ms. Coleman's paternity action as she turned nineteen prior to the amendment, which cannot revive already prescribed claims. As our court has already ruled on this particular matter, we agree.

The now-vacated La.Civ.Code art. 209 stated that a child not entitled to legitimate filiation must institute an action for paternity "within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." The Filiation of Parents and Children Act, effective June 29, 2005, No. 192, 2005 La. Acts 1444 substantively changed the law through the enactment of La.Civ.Code art. 197, which provides that "[f]or purposes of succession only," a child's paternity action "is subject to a peremptive period of one year" that "commences to run from the day of the death of the alleged father."

In *Smith*, 29 So.3d at 725, this court held that the 2005 amendment did not apply retroactively to revive a child's filiation action that had already prescribed under La.Civ.Code art. 209. In pertinent part, the court reasoned:

> This and other Louisiana courts have already examined the 2005 amendment's effect. Thus, where the alleged father died prior to the amendment, but the children's appeal was pending when the amendment became effective, this court rejected the amendment's applicability to the filiation actions of the alleged heirs who were well beyond nineteen years of age. This court explained that although, generally, prescriptive statutes are procedural, once the prescriptive period elapses, a party acquires a right to plead the exception of prescription. A change in the right to plead the exception is a substantive change in the law. Because procedural statutes that also change substantive law must be construed to apply only prospectively, we required a clear and unequivocal expression of legislative intent for

3

the statute to apply retroactively. This court concluded the language in section 3 of the Filiation of Parents and Children Act that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date" expressed no such legislative intent.

*Id.* (citations omitted).

Finding that La.Civ.Code art. 209 was in effect at the time the alleged heir reached the age of nineteen, our circuit concluded that the claim had prescribed and the 2005 amendment did not apply.

Here, Ms. Coleman turned nineteen on March 28, 2003, before filing any petition for filiation. At this time, she was never formally acknowledged so her only means of establishing paternity was through La.Civ.Code art. 209. Under Article 209, her claim prescribed on her nineteenth birthday. Following *Smith*, the 2005 amendment, La.Civ.Code art. 197, cannot revive this already prescribed claim as there is no expressed legislative intent to allow this amendment to apply retroactively.

Ms. Coleman argues that Mr. Hebert improperly brought an exception for prescription for the first time on appeal since Mr. Hebert filed his exception after the briefs were filed. We disagree. The peremptory exception of prescription may be heard for the first time on the appellate level "if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record." La.Code Civ.P. art. 2163. Here, there was ample evidence in the record to indicate that Ms. Coleman did not file her filiation action timely. Furthermore, a case is not submitted for decision on the appellate level until after it has been argued by briefs and oral arguments if requested. *See Smith v. Jones*, 8 So.2d 718 (La.App. 1 Cir. 1942). Here, while Mr. Hebert filed his exception after

the briefs, it was still submitted prior to oral arguments. As such, it was timely filed and may be considered for the first time by this court.

Ms. Coleman also argues that this case should be remanded to the trial court for trial of the exception of prescription as she properly demanded this remand in accordance with La.Code Civ.P. art. 2163. Again, we disagree. Louisiana Code of Civil Procedure Article 2163 does not mandate that the appellate court remand the case for trial of the prescription issue upon request; rather, "[t]he appellate court has discretion to do so should the interests of justice require a full hearing." *Willett v. Premier Bank*, 97-187, p. 10 (La.App. 3 Cir. 6/4/97), 696 So.2d 196, 201. Here, the record clearly indicates that Ms. Coleman did not timely file her filiation action. As such, a full hearing is not required in the interests of justice to adequately decide this issue, and we exercise our discretionary authority to hear this exception for the first time and conclude that Ms. Coleman's claim has prescribed.

Even if La.Civ.Code art. 197 did apply, Ms. Coleman's claim would still be perempted. Article 197 requires that a filiation claim be brought within one year of the death of the alleged father. Here, while the decedent died in 2003, Ms. Coleman did not file her petition for filiation until 2012. While Ms. Coleman argues the date of commencement should be October 2, 2003, as that is the date she filed the parentage test, this argument fails as a civil action "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction" and the parentage results do not constitute a proper pleading. La.Code Civ.P. art. 421.

Nevertheless, we conclude that Ms. Coleman's action for paternity and forced heirship prescribed under the then-in-effect La.Civ.Code art. 209.

5

Since this action has prescribed, we need not address Mr. Hebert's other assignments of error as they have been rendered moot.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, we reverse the judgment of the trial court and dismiss Ms. Coleman's claims with prejudice.

All costs are assessed against Karla Coleman, appellee.

**REVERSED AND RENDERED.**