# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 19-553

**G.C. PROPERTIES OF JACKSON PARISH, LLC**

**VERSUS**

**CAROL R. RAINEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 41,220
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Jonathan W. Perry, Judges.

**MOTION TO REMAND DENIED; JUDGMENT VACATED;
EXCEPTION OF PRESCRIPTION GRANTED.
CLAIM DISMISSED WITH PREJUDICE.**

**Mark L. Talley**
**Post Office Box 41**
**Jena, Louisiana  71342**
**(318) 992-2211**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Carol R. Rainey**


**Donald R. Wilson**
**Wilson & Wilson**
**Post Office Box 1346**
**Jena, Louisiana  71342**
**(318) 992-2104**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Carol R. Rainey**


**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**Post Office Box 595**
**Harrisonburg, Louisiana  71340**
**(318) 744-5431**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **G.C. Properties of Jackson Parish, LLC**

**PERRY, Judge.**

This is an appeal of a default judgment. Plaintiff, G.C. Properties of Jackson Parish, LLC, obtained a money judgment by default against Defendant, Carol R. Rainey. Defendant appealed and, in this court, filed a peremptory exception of prescription. Plaintiff moved to remand for trial on Defendant's exception. For the following reasons, we deny Plaintiff's motion to remand, vacate the default judgment rendered by the trial court, sustain Defendant's peremptory exception of prescription, and dismiss Plaintiff's claim with prejudice.

## FACTS AND PROCEDURAL HISTORY

Defendant signed a "Promissory Note/Collateral Mortgage" on March 18, 2009, promising to pay Plaintiff $29,611.00 plus interest of 6.5% per annum. Plaintiff filed this suit on February 8, 2019, alleging Defendant had made twenty-seven payments, but still owed principal of $24,513.58 and that Defendant had failed to make any further payments since August 2012, despite demand.[1]

Defendant did not answer. Plaintiff took a preliminary default on March 14, 2019, and confirmed it at a hearing on April 29, 2019.[2] In support, Plaintiff introduced into evidence the "Affidavit of Correctness of Account" of Joy C. Millie Green, "the member manager of GC Properties of Jackson Parish LLC," who attested that she was "familiar with this account" and professed:

---

[1] Plaintiff's "Petition for Suit on a Collateral Mortgage Note" specifically alleged:

The February 1, 2009 collateral mortgage note was paraphed by a notary public, to identify it with an authentic act of mortgage executed before him by Defendant[] on March 18, 2009 . . . . Defendant granted a mortgage in favor of any future holder of the attached note, to secure its payment, on the following described property of this parish:

Home and property of 5 acres situated at 1633 Highway 503 Olla Louisiana Section 7T9N R4E

[2] The court's minutes reflect the confirmation hearing was originally held April 8, 2019. After determining further documentation was needed, the trial court reset the hearing.

> [T]he loan balance as of April 15, 2011, on the original principal and interest to date was $24,522.07 . . . . The contract called for an interest rate of 12% per month when the defendant did not pay current. **Defendant made one payment on March 15, 2012**. Thus the calculated total of the balance owed, interest and contractual penalty on February 15, 2019 was $49,014.48.

(Emphasis added). Ms. Green's affidavit further indicated the "corrected amount" of costs, interest, and fees totaled $63,704.59. The trial court rendered judgment to that effect on the date of the hearing.

Defendant appealed and, for the first time, has filed the peremptory exception of prescription with this court pursuant to La.Code Civ.P. art. 927, seeking dismissal of Plaintiff's claim with prejudice.

## LAW AND DISCUSSION

Defendant contends Plaintiff's claim is subject to the five-year prescriptive period set forth in La.Civ.Code art. 3498. Defendant argues Plaintiff's pleadings and supportive evidence indicate the latest date upon which Plaintiff could have timely filed suit was September 2017. Plaintiff filed suit on February 8, 2019; thus, Defendant argues the obligation is prescribed.

In response, Plaintiff filed a "Motion to Remand Pursuant to [La.Code Civ.P. art.] 2163," demanding remand to the trial court for a hearing on Defendant's exception. Notably, the motion only requests remand, without any indication Plaintiff would be able to satisfy its burden on remand.[3]

An exception of prescription can be filed for the first time in the appellate court if formally pleaded prior to submission of the case for decision. La.Code

---

[3] Plaintiff's motion to remand was filed September 9, 2019. In addition to remand, Plaintiff requested "this court stay the briefing schedule of this appeal pending the supplementation of the record on appeal by the trial court. Appellant [sic] has a briefing deadline of September 16, 2019, by order of this court dated August 1, 2019."

The same day, the clerk of court sent written correspondence to all counsel of record advising that Plaintiff's motion "has been referred to the merits for review by a panel upon assignment." Plaintiff did not file an appellate brief in opposition, forfeiting its right to oral argument. *See* Uniform Rules—Courts of Appeal, Rule 2–12.12.

Civ.P. arts. 927, 2163. "[A] case is not submitted for decision on the appellate level until after it has been argued by briefs and oral arguments if requested. *See Smith v. Jones*, 8 So.2d 718 (La.App. 1 Cir. 1942)." *In re Succession of Hebert*, 13-954, p. 4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1101, 1104.

Under La.Code Civ.P. art. 2163, the plaintiff may demand that the suit be remanded to the trial court for a full hearing on the exception. In *Willett v. Premier Bank*, 97-187, pp. 9-10 (La.App. 3 Cir. 6/4/97), 696 So.2d 196, 201, this court opined that a remand upon plaintiff's demand is not required:

> Article 2163 clearly states that the plaintiff *may* demand a remand of the case for trial of the prescription exception. The plaintiff therefore had discretion to make such a demand. The article, however, is silent as to any mandate on the appellate court to remand the case upon the plaintiff's demand. We conclude that the article does not grant plaintiff an automatic right to remand upon his demand for such action. The appellate court has discretion to do so should the interests of justice require a full hearing.

In the more recent case of *Hebert*, 153 So.3d at 1104, we adhered to *Willett's* pronouncement, iterating "[La.Civ.Code art.] 2163 does not mandate that the appellate court remand the case for trial of the exception of prescription issue upon request; rather, '[t]he appellate court has discretion to do so should the interests of justice require a full hearing.' *Willett*[, 696 So.2d at 201]."

Defendant's exception of prescription was timely filed prior to submission of this case for a decision. Therefore, we turn to consideration of whether the proof of the exception appears in the record. *See Harrison v. Lake Charles Mental Health*, 06-434 (La.App. 3 Cir. 3/7/07), 954 So.2d 249.

"Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible." La.Civ.Code art. 3498. Defendant, as the party pleading the exception of prescription, bears the

burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043.

Plaintiff's petition specifically alleges Defendant "failed to make any payment to Plaintiff on the February 1, 2009 promissory note since August of 2012, despite amicable demand[.]" Thus, on the face of Plaintiff's petition, Defendant's indebtedness became exigible in September 2012. However, the "Affidavit of Correctness of Account" which Plaintiff introduced at the confirmation hearing, evinces the last payment on the promissory note was made by Defendant on March 15, 2012. Thus, based upon Plaintiff's evidence, Defendant's indebtedness became exigible on April 15, 2012. Plaintiff's suit, filed on February 8, 2019, was clearly filed more than five years after either April or September 2012. In light of this fact and the lack of any indication that Plaintiff would be able to satisfy its burden on remand, we sustain Defendant's peremptory exception of prescription and dismiss Plaintiff's claim.

### DECREE

For the foregoing reasons, Plaintiff's motion to remand is denied; the judgment rendered by the trial court is vacated; the exception of prescription filed by Defendant is granted; and Plaintiff's claim is dismissed with prejudice. All costs are assessed to Plaintiff, G.C. Properties of Jackson Parish, LLC.

**MOTION TO REMAND DENIED; JUDGMENT VACATED; EXCEPTION OF PRESCRIPTION GRANTED. CLAIM DISMISSED WITH PREJUDICE.**