### WESTERN DISTRICT.
## OPELOU'SAS, SEPTEMBER, 1834.

---

### BROUSSARD *vs.* BERNARD ET ALS.[*]

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT,
THE JUDGE THEREOF PRESIDING.

Customs result from a long series of actions, constantly repeated, which by such repetition, and by uninterrupted acquiescence, acquire the force of a tacit and common consent.

The particular custom, " *that the community of property continues*, after the death of one of the partners, *until inventory is made*," is required to be proved by other partitions and divisions, that may have been made in the same place, and that it has prevailed without interruption.

The establishment of a custom, necessarily admits proof, other than that required to establish laws.

Parole evidence is inadmissible, to prove the customs of a country.

---

[*] The opinion in this case was pronounced and recorded, as of the September term at Opelousas, 1827, but was omitted to be published in Martin's Reports.

## 212                CASES IN THE SUPREME COURT

WESTERN DIST.
September, 1834.

BROUSSARD
vs.
BERNARD ET ALS.

The books and records in the parish judge's office, are legal, and the *proper evidence*, to prove a particular custom, in relation to the continuation of the community, after the death of one of the partners, until inventory is made.

This was a suit, originally commenced at the September term, 1821, of the District Court for the parish of St. Martin, to settle the succession of Mrs. A. Broussard, who died in January, 1816. A community of property existed between her and her husband, the present plaintiff. After her death, the husband continued in possession, and made sales of the community property, without ever taking an inventory. In the year 1819, the forced heirs of the deceased wife, brought suit against the surviving husband, for her half of the community property, and to annul the sales made thereof. A decree was rendered by consent, annulling said sales, and declaring the property to belong to the community; that it be estimated at cash prices, and that after deducting the amount of debts paid by the husband, since the death of the wife, from the value of the succession property, that the remainder be equally divided, between the husband and the heirs of the deceased wife, who are the present defendants. On making the valuation and estimation of the property and debts aforesaid, it was ascertained, that the property amounted to eleven thousand nine hundred and forty-two dollars, and the debts paid by the husband, to sixteen thousand and eighty-six dollars. The heirs of the wife, or a portion of them, refused to carry this decree into effect. The object of the present suit is to compel them. The district judge decided, he was without jurisdiction, with respect to the first suit, so far as the rights of minors, the dissolution, partition and settlement of the community was concerned, which belonged of right, to the Court of Probates; and refused to carry said decree into execution, except so far as to confirm the rescission of the sales alluded to, and sent both that, and the present suit, to the Court of Probates. From this decision the plaintiff appealed. *See the case decided in 3 Martin, N. S. 37.*

On the return of the case to the District Court, the defendants offered evidence, to prove, that after the death of the wife, the husband continued in possession of the plantation and slaves, and made large and valuable crops with the said slaves, which were community property, and by this means, was enabled to pay off a large amount of debts, with which he charged the community, and which exceeded in amount, the value of the community, at the death of the wife. This evidence was objected to, and rejected by the court. Evidence offered by the defendant, to show the value of the community property, at the death of the wife, was also rejected by the court, and bills of exception taken.

The defendants' counsel offered to prove, by witnesses, that it was the established usage and custom, in the county of Attakapas, and in the province of Louisiana, and also in the state of Louisiana, to continue the community of goods and property, which had existed between the husband and wife, after the death of one of the parties, with the heirs of the deceased, and the surviving partner, until the making of the *inventory*, &c.; and that all the property of the community, existing at the time of the inventory, has always been considered, and as properly belonging to the community, to be equally divided between the surviving partner, and the heirs of the deceased one, and that this custom has always been observed; and the counsel of the defendants, also offered to prove, that the *Fuero Real* of Spain, was still in force in this country, all which testimony was objected to, on the grounds, that it was proving by witnessess, a custom contrary to the general laws of the state, and proving a general law. It was rejected by the court, and a bill of exceptions taken.

The defendants' counsel then offered the records of the county of Attakapas, in the parish judge's office, to prove this custom, commencing with the year 1774, and up to 1824, near the time of the adoption of the Louisiana Code, which was objected to, as proving a custom contrary to the general law of the state. The objection being sustained, the defendants' counsel took his bill of exceptions.

The plaintiff had judgment, establishing the payments made by him, on account of the community, to the amount of fourteen thousand one hundred and nineteen dollars, which is adjudged to be an offsett to all the defendants' claims, and the plaintiff discharged from all further liability, for any property of the succession. The defendants appealed.

This cause was argued at the September term, 1827, at Opelousas, by *Mr. Brownson* for the plaintiff, and by *Mr. Simon* for the defendants. The opinion of the court, was made out at New-Orleans, sent up and entered of record, as of the September term, 1827.

*Porter, J.,* delivered the opinion of the court.

This case grew out of an action, which was originally brought to ascertain, and settle the claims of the heirs of the late wife of the present plaintiff, to the property held in community, at the dissolution of the marriage, and to annul and set aside certain conveyances, which the plaintiff had made, of all the real and personal estate. He and those to whom he had sold, pleaded to the action, and after the cause stood at issue for some time, a decree was entered up by *consent,* declaring the deeds of sale null and void, directing an inventory and estimation of the property to be made; that the plaintiff should take the whole of the estate, at the price of the appraisement, and that after deducting the debts due by the community, he should pay the heirs of the wife their shares, at certain periods of time, therein mentioned.

The petition in this case, sets forth these facts, and avers, that an inventory had been made by the parish judge ; that the whole estate amounted to eleven thousand nine hundred and forty-two dollars ; that he has paid debts to a greater amount, viz : sixteen thousand and eighty-six dollars, and that the defendants refuse to ratify these proceedings, or carry them into effect. It concludes with a prayer, that they may be cited, that the whole of the proceedings may be homologated, and that the plaintiff may be discharged from all further responsibility.

The answer contains a general denial; that the parties to this, and the former suit, were minors and married women, and that no legal consent could be given by them, to such a decree as that set forth in the petition ; that the conduct of the plaintiff was fraudulent, in delaying the inventory and appraisement, until property had greatly fallen in price ; that the sum, which the plaintiff now avers he had paid of community debts, exceeded by more than four thousand dollars, the amount stated in the answer, filed by him in the first suit ; and lastly, that after the death of his wife, he had acquired property which must enter into the community.

' On the trial, the defendants offered evidence to prove, that after the death of their ancestor, the plaintiff had made large crops with the slaves, which were common property. This was rejected. They then offered to prove by parole, and by the record books of the Court of Probates of Attakapas, that it was the usage and custom of that county, and of the state of Louisiana, to consider the community as existing, until an inventory was made ; that the *Fuero Real* of the kingdom of Spain, was in force, where the succession was opened. This evidence was also rejected by the court, to which the defendants excepted.

Customs, according to our Civil Code, result from a long series of actions, constantly repeated, which have by such repetition, and by uninterrupted acquiescence, acquired the force of a tacit and common consent. *La. Code, art. 3.*

The particular custom, on which the defendants relied in this instance, is required to be proved by other partitions and divisions, that may have been made in the same place, and that it has prevailed without interruption. *Febrero, p. 2, lib. 1, cap. 4, § 4, No. 91. 3 Martin, 120.* The recognition of customs, by our Code, necessarily admitted proof, other than that required to establish laws. The custom which the defendants attempted to prove, was not as plaintiff objects, contrary to the general law of the land, but an exception to the ordinary rules, which regulate partnerships. If the proof of customs could be rejected, because it established something

WESTERN DIST.
September, 1834.

BROUSSARD
*vs.*
BERNARD ET ALS.

Customs result from a long series of actions constantly repeated, which by such repetition and by uninterrupted acquiescence, acquire the force of a tacit and common consent.

The particular custom, that *the community of property continues after the death of one of the partners until inventory is made,* is required to be proved by other partitions and divisions, that may have been made in the same place, and that it has prevailed without interruption.

The establishment of a custom necessarily admits proof other than that required to establish laws.

WESTERN DIST. different from the law, no custom could be proved, for if
September, 1834. it were not different, it would make a part of the law.

BERUSSARD        But the court, in our opinion, acted correctly, in rejecting
*vs.*
BERNARD ET ALS. parole evidence of this custom, first, because the law directs,
Parole evidence it shall be proved in another manner; and second, because
is inadmissible
to prove the cus- parole evidence is not the best of matters, which the law
toms of a coun- required to be executed in writing. There was no legal
try.
The books and ground, for rejecting the evidence of the books of the parish
records in the
parish judge's judge; it was precisely that species of proof, which the law
office are legal demands, in relation to this custom, and the cause must
and the proper
evidence to be remanded, to give the party an opportunity of producing it.
prove a particu-
lar custom in re-
lation to the con-        It is, therefore, ordered, adjudged and decreed, that the
tinuation of the
community after judgment of the District Court be annulled, avoided and
the death of one
of the partners reversed; that the cause be remanded for a new trial, with
until inventory is directions to the judge *a quo*, not to reject the record books of
made.
the parish of St. Martin, to prove that the *Fuero Real* was in
force there; and it is further ordered, adjudged and decreed,
that the appellee pay the costs of this appeal.