# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-333

**ALEXANDRA STEWART F/K/A BYRDELL M. STEWART, JR.**

**VERSUS**

**THE ESTATE OF BYRDELL MAYO STEWART, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20055168
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Allan Leland Durand**
**235 Rue France**
**Lafayette, LA 70508**
**Telephone: (337) 237-8501**
**COUNSEL FOR:**
    **Defendants/Appellants - Estate of Byrdell Mayo Stewart, Deborah Stewart Marcantel, Estate of Dora Mae Lemoine Stewart, and Henry Patton Stewart**

**David Michael Kaufman**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**Telephone: (337) 232-2606**
**COUNSEL FOR:**
    **Plaintiff/Appellee - Alexandra Stewart**

**THIBODEAUX, Chief Judge.**

Plaintiff-appellee, Alexandra Stewart (Stewart), the biological child of Dora Mae Lemoine Stewart and Byrdell Mayo Stewart, filed suit for reduction of excessive donation against the successions of her parents and against her only brother, Henry Patton Stewart, and her only sister, Debra Stewart Marcantel (hereinafter "appellants"), claiming to be a forced heir under La.Civ.Code art. 1493, and asserting that her parents did not have a cause to disinherit her. The trial court found that Stewart was a forced heir within the meaning of La.Civ.Code art. 1493 and that her parents' attempt to disinherit her was invalid and ineffective. The appellants appealed. For the following reasons, we affirm.

## I.

## ISSUE

We shall consider whether the trial court erred in its interpretation of La.Civ.Code art. 1493 to hold that the appellee was permanently incapable of taking care of her person and is, therefore, a forced heir.[1]

## II.

## FACTS

Stewart's father died and left everything to his wife. Subsequently, when Stewart's mother died, she bequeathed everything to Stewart's brother and sister. Both parents expressly disinherited Stewart in their wills for not communicating with them for a period of at least two years.

Stewart sued, claiming to be a forced heir under La.Civ.Code art. 1493 because of a mental incapacity—bipolar disorder. She also asserted that she suffered

---

[1] In their brief, the appellants assigned as error that the trial court incorrectly found Stewart parents' disinherison of her was invalid. The appellants failed to brief this issue. Therefore, pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4, we treat the issue as abandoned.

from psoriasis, psoriatic arthritis, and degenerative disc disease. Stewart has not maintained gainful employment since 1986 because, she claimed, of her mental and physical conditions. Her bipolar disorder, she claimed, caused her to have severe mood swings, during which she is either incapable of doing anything, including bathing (in the course of a depressive episode), or she has judgment problems, such as extreme overspending of money (during the manic state). When Stewart has these mood swings, her partner takes care of her and the household. Stewart was hospitalized several times for depression, and she periodically had suicidal thoughts. She sometimes fails to take medication for her bipolar condition, and she has undergone electroconvulsive therapy twice. Her psychiatrist, who has been treating her since 1994, testified that Stewart's bipolar condition is an incurable, inherited disease that will continue to get worse. The appellants failed to dispute this expert testimony.

Stewart testified that when she does not suffer from an acute episode of her illness, she is able to take care of her person, that is, she shops, drives a car, votes, cooks, does laundry, etc. Henry Stewart, the appellee's brother, testified that the appellee flew by herself two or three years ago to visit him in Montana, where she rented a car and went shopping and partying without any visible mental of physical impediments.

The trial court determined that Stewart was a forced heir within the meaning of La.Civ.Code art. 1493. The trial court noted that 1998 revisions to La.Civ.Code art. 1493 eliminated the official comments that required a severe handicap to qualify as a forced heir. Additionally, the trial court stated that under the statute, a person who is permanently disabled may have temporary remissions without being disqualified as a forced heir. The trial court reasoned that Stewart's bipolar

2

disorder could be thought of as not being permanently disabling in the sense that the appellee is capable of taking care of herself some of the time. Nonetheless, the trial court declared, relying heavily on the undisputed expert testimony, that Stewart's condition is permanent, and that she will not be able to take care of herself and her affairs on a recurring basis. The trial court concluded that Stewart is a forced heir because her temporary remissions are of no consequence under the statute.

III.

<b><u>STANDARD OF REVIEW</u></b>

Statutory interpretation presents an issue of law for an appellate court. It is, thus, reviewed de novo. *See Burnette v. Stalder*, 00-2167 (La. 6/29/01), 789 So.2d 573. Conversely, an appellate court must not disturb the trial court's finding of fact, unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The only issue this court considers in this appeal involves an interpretation of La.Civ.Code art. 1493. We will, therefore, conduct a de novo review to determine the legal correctness or incorrectness of the trial court's judgment.

Additionally, the trial court considered the factual circumstances surrounding Ms. Stewart's bipolar disorder and concluded that the severity of Ms. Stewart's incapacity warranted a finding that she was permanently incapable of taking care of herself or administering her estate. We examine this conclusion under the well-known manifest error/clearly wrong standard and determine that the trial court was not manifestly erroneous. Indeed, the trial court was eminently correct.

IV.

<b><u>LAW AND DISCUSSION</u></b>

Louisiana Civil Code Article 1493 provides in pertinent part:

3

A.  Forced heirs are . . . descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.

. . . . .

E.  For purposes of this Article "permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent" shall include descendants who, at the time of death of the decedent, have, according to medical documentation, an inherited, incurable disease or condition that may render them incapable of caring for their persons or administering their estates in the future.

The appellants rely on *Succession of Martinez*, 98-962 (La.App. 5 Cir. 2/10/99), 729 So.2d 22.  There, the court held that a descendant who was mildly mentally handicapped, enrolled in the U.S. Navy's Incapacitated Dependant Program, had problems with money transactions, unemployable, and who had someone stay with him at all times, was not a forced heir under La.Civ.Code art. 1493.  Relying on the Official Comments to the codal article, the court reasoned that the descendant had to be severely handicapped to be considered a forced heir under the statute.  The court found that the descendant did not suffer from a severe handicap because he participated in social activities and was able to take care of his home and his physical needs.

The trial court issued its judgment, and the parties in this case submitted their briefs, prior to our decision in *Succession of Ardoin*, 07-43 (La.App. 3 Cir. 5/30/07), 957 So.2d 937.  There, this court concluded that where a descendant suffers from a permanent incapacity the extent of which varies and, at times, becomes absolute, the descendant qualifies as a forced heir, provided the descendant proves that the incapacity existed at the time of death of the decedent.

4

In *Ardoin*, this court considered the statutory language that requires a permanent handicap as a prerequisite for being declared a forced heir and the *Martinez* court's interpretation of this language. There, the descendant, who had a bipolar disorder, claimed to be a forced heir under La.Civ.Code art. 1493. In particular, the descendant submitted evidence that she was diagnosed with a bipolar disorder at the time of her mother's death, that she suffered from auditory hallucinations, delusional thoughts, and, at times, was completely unable to take care of herself. Moreover, the descendant in *Ardoin* submitted expert testimony that her condition was an inherited and incurable disorder, the testimony the opposing side failed to dispute. The trial court ruled that the descendant did not qualify as a forced heir under the statute, relying heavily on *Martinez,* which required a severe handicap. This court reversed, concluding that: 1) nowhere does the statute require the handicap to be severe; and, 2) the Official Comment on which the *Martinez* court relied, stating that the handicap must be severe for the statute to apply, no longer exists, as it had been edited out at the direction of the legislature.

The facts of the case at issue are very similar to those in *Ardoin*. Although, unlike the plaintiff in *Ardoin*, Stewart does not suffer from auditory hallucinations, she presented evidence demonstrating that at times she becomes absolutely incapable of taking care of her person and is completely dependent on her partner. As in *Ardoin*, the appellants here failed to dispute the expert testimony that Stewart's condition was in fact inherited and that her inability to take care of herself and affairs is the result of her bipolar condition and not some other cause, such as failure to take medication. Stewart also presented testimony that even with medication she does not reach an acceptable level of functioning. Moreover, Stewart provided ample evidence that she had the bipolar disorder well before either of her

5

parents' deaths. The witness testimony also indicates that Stewart's condition has gotten progressively worse despite medication, to the extent that Stewart has undergone shock treatment which, according to experts, is a remedy of last resort.

As the descendant in *Ardoin*, when Stewart is not acutely ill, she can shop, drive a vehicle, cook, vote, do laundry, etc., indicating that she is not permanently incapable of taking care of herself in the literal sense. Nonetheless, the undisputed expert testimony is that Stewart's condition itself is permanent, incurable, and has caused and will cause periods of absolute incapacity. In addition, the trial court found that Stewart has a number of physical illnesses, such as psoriasis, psoriatic arthritis, and degenerative disc disease, which may aggravate the extent of the incapacity she suffers from the bipolar disorder. As *Ardoin*, this is a case of permanent incapacity the extent of which varies.[2] Therefore, La.Civ.Code art. 1493(A) is satisfied. Moreover, the permanence of this disorder indicates that Stewart will be incapable of administering her estate in the future. Thus, La.Civ.Code art. 1493(E) is satisfied.

V.

**CONCLUSION**

The judgment declaring Alexandra Stewart a forced heir of her parents is affirmed. Costs of this appeal are assessed to the succession of Byrdell Mayo Stewart, the succession of Dora Mae Lemoine Stewart, Deborah Stewart Marcantel, and Henry Patton Stewart.

**AFFIRMED**.

---

[2]This language should not be interpreted to mean that any issue in the first degree who has a bipolar disorder automatically qualifies to be a forced heir under La.Civ.Code art. 1493. Only when the descendant can prove that the extent of the incapacity is severe enough so as to render the descendant unable to take care of her or his person or estate on recurring basis, can the descendant claim to be a forced heir, provided that the descendant proves all of the other required elements spelled out in the statute. The question as to whether the extent of descendant's incapacity renders the descendant permanently incapacitated is a factual one and should be evaluated on a case-by-case basis.