STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1455


SUCCESSION OF PATRICIA LEE FORMAN


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 38,401
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE


**********


**BILLY HOWARD EZELL
JUDGE**


**********


Court composed of John D. Saunders, and Billy Howard Ezell, David E. Chatelain Judges.


**REVERSED AND REMANDED.**


**Richard E. Lee**
**810 Main Street**
**Pineville, LA 71360**
**(318) 448-1391**
**Counsel for Appellee:**
**Bobbie Bushnell**


*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Janice Villarrubia**
**P. O. Box 2976**
**Baton Rouge, LA 70802**
**(225) 381-7800**
**Counsel for Appellants:**
**Phoebe Forman Vicknair**
**Cynthia Elaine Forman**

**EZELL, JUDGE**.

Sisters, Phoebe Forman Vicknair and Cynthia Forman, appeal a trial court judgment finding that they were not forced heirs of their mother. The trial court found that neither Phoebe nor Cynthia were permanently incapable of taking care of their person or administering their estate pursuant to La.Civ.Code art. 1493.

## FACTS

Patricia Lee Forman died on August 29, 2008. She and her deceased husband, Charles Forman, had three children: Phoebe Forman Vicknair, born on July 8, 1956; Cynthia Forman, born on August 24, 1957; and Charles Forman, born on January 12, 1964.

On August 7, 2007, Patricia Forman executed a last will and testament. Pursuant to the will, Patricia left the family home and all immovable property that she possessed at the time of her death to her sister Bobbie Bushnell. The three children filed a petition, contesting the validity of the testament. In a later petition, the children specifically sought a reduction of an excess legacy because they claimed that the bequest to Bobbie impinged on their portions as forced heirs. Specifically, Phoebe and Cynthia claim that they suffer from mental illness, including bipolar disorder, which renders them incapable of caring for themselves. Charles did not raise any issue as to his status as a forced heir.

A bench trial was held on July 28, 2009. After taking the matter under advisement, the trial court issued written reasons for ruling. The trial court found that, although both Phoebe and Cynthia suffered from an incurable mental illness, the illness did not render them incapable of taking care of themselves or administering their estates. The trial court found that both women were capable of taking care of daily tasks and their households. Therefore, Phoebe and Cynthia were not forced

1

heirs pursuant to Article 1493. The trial court found that Bobbie was entitled to the legacy bequeathed to her and reduction was not required since there were no forced heirs.

## FORCED HEIRSHIP

Relying on La.Civ.Code art. 1493, Phoebe and Cynthia claim the trial court erred in failing to find that they are forced heirs. They argue that the medical evidence clearly establishes that they have inherited, incurable diseases which, even if not disabling now, "may" render them incapable of caring for their persons or estates in the future.

A trial court's consideration of the factual circumstances surrounding the circumstances and severity of a potential forced heir's capacity to care for herself or administer her estate is subject to the manifest error/clearly wrong standard of review. *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

Article 1493 (emphasis supplied) provides, in pertinent part:

> A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.
>
> . . . .
>
> E. For purposes of this Article "permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent" shall include descendants who, at the time of death of the decedent, have, according to medical documentation, an inherited, incurable disease or condition that **may** render them incapable of caring for their persons or administering their estates in the future.

At the trial, Phoebe and Cynthia both testified about the mental difficulties they have experienced in their lives. Phoebe testified that she has been under treatment since 2004 with Dr. Zahid Imran for anxiety, panic disorder, and depression. She is

2

taking numerous medications for her problems. In November 2006, the Social Security Administration classified her as fully disabled, and she is now receiving disability benefits. Phoebe had a consistent job history since 1988, with one job as an auditor at BlueCross BlueShield of Louisiana for about fifteen years. However, in 2003 she found out she has Hepatitis C and started sleeping on the job a lot, so she lost her job. She has not worked since. Phoebe has been married for twenty-eight years and testified that her husband is the one who handles her affairs for her. They have no children.

Cynthia is not currently married and has three adult children. In 1979, she was diagnosed with schizophrenia and had multiple admissions to different facilities due to the disorder. She alternated admissions during this time between East Louisiana State Hospital and Greenwell Springs Hospital.

In the 1990s, she was treated for major depression with psychosis through Capital Area Human Services in Baton Rouge. During this time, she was also evaluated by Louisiana Rehabilitation Services. At that time, her psychiatric history was noted as significant for the presence of bipolar disorder as well as drug and alcohol dependence which was in remission. It was recommended that she continue psychiatric treatment for her bipolar disorder.

For the past several years, Cynthia has been treated for depression by Dr. Neha Shah through the Ochsner Clinic Foundation. During all of Cynthia's treatments at the various facilities, it was observed that her psychotic condition was controlled with medication. Cynthia testified that, although she had been gainfully employed for the past five years, she had been asked to resign from several of her jobs. She explained that she distrusts people.

Dr. Catherine McDonald, an expert in the field of psychiatry, testified on behalf of both Phoebe and Cynthia. She reviewed both ladies' medical records and evaluated each one on April 20, 2009. Dr. McDonald concluded that both ladies are incapable or may become incapable of caring for their own affairs without assistance. She diagnosed both with bipolar disorder, a condition they had when their mother died. Dr. McDonald based her diagnosis on the ladies' medical records. Dr. McDonald explained that bipolar disorder is an illness that includes manic episodes and depressive episodes at different points in time. She further testified that bipolar disorder does interfere with life and employment functions. Although people with bipolar disorders can sometimes function, they can get worse. Dr. McDonald explained that mood psychiatric disorders run in families and they are not curable, only treatable.

In *Succession of Ardoin*, 07-43 (La.App. 3 Cir. 5/30/07), 957 So.2d 937, *writ denied*, 07-1332 (La. 9/28/07), 964 So.2d 360, this court performed a de novo review of the trial court's decision that a daughter who suffered from bipolar disorder was not a forced heir. We found that the trial court had applied the wrong standard in evaluating the case because La.Civ.Code art. 1493 does not require the heir to be severely handicapped. This court concluded that the daughter suffered from a permanent incapacity but the extent of that incapacity varied. However, her inability to care for herself or her estate was absolute during times of acute illness. After reviewing the evidence, this court found that the daughter was a forced heir.

In *Stewart*, 966 So.2d 1241, this court was once again faced with the issue of whether a child who suffered with bipolar disorder was a forced heir of her mother. Affirming the decision of the trial court that the daughter was a forced heir, this court found that the evidence demonstrated that at times the daughter becomes absolutely

4

incapable of taking care of herself or is dependent on her partner. This court found that this was a case of permanent incapacity which varies at different times and that the daughter will be incapable of administering her estate in the future.

In both *Ardoin* and *Stewart*, the evidence indicated that there were times that the daughters were unable to care for themselves due to their bipolar disorder. No evidence was introduced to dispute that fact. In the present case, both daughters have suffered with mental disorders for years. At the time of trial, both had been continually treated for such problems. The evidence indicated that, while the daughters had held jobs, their employability had declined with the increase in their problems.

Phoebe was declared disabled by the Social Security Administration in 2006. While this finding was based on the fact that she had Hepatitis C and Chronic Obstructive Pulmonary Disease, it was also based on the fact that she suffered from depression and anxiety disorder. Phoebe testified that shopping makes her nervous and her husband has to manage the household bills.

Cynthia has had numerous jobs and issues with those jobs, which Dr. McDonald classified as a classic symptom of bipolar disorder. For the past thirty years, Cynthia has been in treatment, both inpatient and outpatient, for mental issues.

Dr. McDonald did agree that people with bipolar disorder can control it through medication. However, Dr. McDonald was very clear in her testimony that the sisters' past history indicates that they have psychiatric disorders, which she classified as bipolar disorder. She stated that this disorder renders them incapable of caring for their person or estate in the future. No evidence in the record disputes this fact. The evidence is overwhelming that they have suffered with mental illness for many years. Clearly, these women's inherited, incurable diseases have only worsened

5

with time.  Although they can now manage to care for themselves and their households, it is apparent that this capability is decreasing with time and that they may not be able to care for themselves in the future.  Therefore, we find that the trial court committed manifest error in finding that Phoebe Vicknair and Cynthia Forman were not forced heirs pursuant to Article 1493.

The judgment of the trial court is reversed.  Judgment is entered finding that Phoebe Forman Vicknair and Cynthia Forman are forced heirs of the decedent Patricia Lee Forman.  This matter is remanded for further proceedings consistent with this opinion.  All costs of this proceeding are assessed to the Succession of Patricia Lee Forman.

**REVERSED AND REMANDED.**