STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-766


CITY OF ABBEVILLE, ET AL.

VERSUS

VERMILION PARISH POLICE JURY, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 92931
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**Painter, J., dissents and assigns written reasons.**
**Keaty, J., dissents for the reasons assigned by Judge Painter.**

**REVERSED AND REMANDED.**


**James Isaac Funderburk**
**Funderburk & Herpin**
**P. O. Drawer 1030**
**Abbeville, LA 70511-1030**
**(337) 893-8140**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **City of Abbeville**

**Calvin Eugene Woodruff, Jr.**
**Cooper & Woodruff**
**220 S. Jefferson St. 3rd Floor**
**Abbeville, LA 70510**
**(337) 898-5777**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **City of Kaplan**

**Paul Gonsoulin Moresi  III**
**Attorney at Law**
**P. O. Box 1140**
**Abbeville, LA 70511-1140**
**(337) 898-0111**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Vermilion Parish Police Jury**

**PICKETT, Judge.**

The defendant, the Vermilion Parish Police Jury (VPPJ), appeals a judgment of the trial court ordering the VPPJ to pay for the pre-adjudicative costs of housing juveniles arrested by the police forces of the cities of Abbeville and Kaplan and ordered held by the courts for those municipalities in detention facilities outside of Vermilion Parish.

## STATEMENT OF THE CASE

In addition to the state district court in Vermilion Parish, there are two ward courts with concurrent jurisdiction in some juvenile matters. The City of Abbeville is within the territorial jurisdiction of the Third Ward Court, and the City of Kaplan is within the territorial jurisdiction of the Ninth Ward Court. When a police officer for either Abbeville or Kaplan arrests a juvenile, they can petition either the district court or their respective ward courts for an order to detain the juvenile until a seventy-two hour hearing is held. Because Vermilion Parish has no juvenile detention facility, the juveniles must be transported to a facility outside of the parish. Two such facilities are the Lafayette Juvenile Detention Home in Lafayette Parish or the St. Martin Parish Sheriff's Office Detention Center. The cities argue that until June 2010, the Vermilion Parish Police Jury authorized the parish to pay for the costs associated with the pre-adjudicative detention of all juveniles arrested in Vermilion Parish, even if they were arrested by city police officers and detained pursuant to a ward court order.

Based on its understanding of La.Ch.Code 815, in June 2010, the VPPJ refused to authorize the payment of these costs for juveniles arrested by police officers in Abbeville and Kaplan and ordered detained by the ward courts. The VPPJ sent the bills for March 2010 forward to the cities to pay. Abbeville and

1

Kaplan responded by filing a Petition for Issuance of a Writ of Mandamus in Support of a Declaratory Judgment. In their petition, they asked the district court to order the VPPJ to pay the outstanding bills and all future bills for pre-adjudicative detention of juveniles. The cities also sought a declaration that La.Ch.Code art. 815 was unconstitutionally vague. The VPPJ filed a Reconventional Demand. The cities filed an exception to the reconventional demand.

The parties agreed to postpone a hearing on the reconventional demand and the exceptions thereto, and the trial court heard evidence and arguments on the cities' petition. The trial court found that La.Ch.Code 815 is not applicable because neither the Lafayette Juvenile Detention Home nor the St. Martin Parish Sheriff's Office Detention Center is a "regional detention center or shelter care facility." The trial court ordered the VPPJ to pay the bills. The VPPJ now appeals.

## ASSIGNMENT OF ERROR

The VPPJ asserts one assignment of error:

The district court committed error in ordering the VPPJ to pay the cost of the detention of juvenile offenders when said detention is initiated by city police and ordered by the judges of the city courts of Abbeville and Kaplan, and in finding Louisiana Children's Code Article 815(E) not applicable to this case.

## DISCUSSION

Louisiana Children's Code Article 815 states:

A. The peace officer or an appropriate representative of the arresting agency shall have the authority and responsibility to transport the child to the appropriate place of detention specified in Paragraphs B and C of this Article, unless the child has been released to the care of his parents pursuant to Article 814(B)(1).

B. If the child has been taken into custody for the commission of a felony-grade delinquent act or of a misdemeanor-grade delinquent act based upon an offense against the person of another, the child shall be taken to a juvenile detention center.

2

C. For the commission of any other misdemeanor-grade delinquent act, the child shall be taken to either a shelter care facility or a juvenile detention center.

D. Notwithstanding any other provision of this Code or other provision of law to the contrary, no judge shall order that a youth taken into custody for a felony-grade delinquent act or for a misdemeanor-grade delinquent act based upon an offense against the person of another be placed in a shelter care facility.

E. The governing authority of the parish or municipality requesting placement of a juvenile in either a regional detention center or a shelter care facility shall be responsible to the regional detention center or shelter care facility for the cost of confinement in accordance with a schedule which may be adopted by the regional detention center or shelter care facility.

The VPPJ and the cities dispute the effect of Section E on the situation in Vermilion Parish. "Statutory interpretation presents an issue of law for an appellate court. It is, thus, reviewed de novo. *See Burnette v. Stalder*, 00-2167 (La.6/29/01), 789 So.2d 573." *Stewart v. Estate of Stewart*, 07-333, p. 3 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241, 1242-43.

Abbeville and Kaplan claim that La.Ch.Code 815(E) provides an exclusive listing of the facilities for which a municipality is responsible for the cost of confinement. Pursuant La.R.S. 15:1091 et seq., the state created a system of regional youth detention facilities. It is undisputed that neither the Lafayette Juvenile Detention Home nor the St. Martin Detention Center is a "regional detention center." A "shelter care facility" is defined at La.Ch.Code art. 116(25) as "a licensed, physically unrestricting public or private child caring facility, or a youth residential facility operated for runaway or homeless youth, which provides temporary care for children." Throughout the Children's Code, a "shelter care facility" is distinguished from a "detention facility." *See* La.Ch.Code arts. 738,

3

791, 814, 817, 819. Neither party introduced evidence that the Lafayette and St. Martin facilities are shelter care facilities.

On the other hand, the VPPJ argues that the listing in La.Ch.Code art. 815(E) is merely illustrative of the types of facilities for which municipalities are responsible for the cost of confinement. Instead, they argue the key phrase in section E is "governing authority of the parish or municipality requesting placement of a juvenile," and because it is clear that the cities, through their respective ward courts, have requested placement of juveniles. The VPPJ cites Attorney General Opinion 1998-61, which answered the question, "Who bears the pre-adjudicative costs associated with the detention of a juvenile?" The attorney general, interpreting a previous version of La.Ch.Code art. 815, stated:

> [T]he governing authority requesting the juvenile's detention must pay the costs associated with that detention. LSA-Ch. C. Art. 815(D)(3) states:
>
> > "The governing authority of the parish or municipality requesting such placement and the administrator of the facility enter into a mutual agreement for reimbursement to the facility for the costs of the care provided."
>
> For example, if the sheriff's office requests the detention of a juvenile the parish must pay the costs associated with the juvenile's detention. If the city police request the detention of the juvenile the city must pay the costs associated with the detention of the juvenile. As a result, the most important issue to consider in determining who pays the pre-adjudicative detention costs of a juvenile is which governing authority is requesting the detention. Whatever governing authority requests the detention must pay the pre-adjudicative detention costs.

Subsection D(3), relied on by the attorney general in reaching his opinion, was deleted by the Legislature in 1999. 1999 La. Acts No. 1359, § 1. Therefore, we find this attorney general's opinion of no value in determining the issue before us.

We find that La.Ch.Code art. 815(E) applies only to regional detention facilities or shelter care facilities, and the facilities in question are neither. Our inquiry does not end there. The cities must also show that the VPPJ is legally responsible for these costs in order to be entitled to the relief sought. The cities argue that until June 2010 the police jury paid these costs, and that custom and practice are sufficient to create an obligation for the VPPJ. Civil Code art. 3 states:

> Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. Custom may not abrogate legislation.

Custom has a long tradition as a source of law in our state. Our supreme court long ago explained the meaning of Article 3:

> Customs, according to our Civil Code, result from a long series of actions, constantly repeated, which have by such repetition, and by uninterrupted acquiescence, acquired the force of a tacit and common consent. La. Code, art. 3.
>
> . . . .
>
> The recognition of customs, by our Code, necessarily admitted proof, other than that required to establish laws.

*Broussard v. Bernard*, 7 La. 211, 215 (La.1834). This jurisprudence has remained unchallenged since that time. The cities have not introduced sufficient evidence to prove that a custom exists whereby the Vermilion Parish is liable for the costs incurred for the pre-adjudicative detention of juveniles in Lafayette and St. Martin Parishes. Therefore, the cities have failed to show a legal basis for the VPPJ's obligation to pay for the bills incurred at the Lafayette Parish Detention Home or the St. Martin Parish Detention Center. The judgment of the trial court is reversed.

## CONCLUSION

The judgment of the trial court is reversed and the case is remanded for further proceedings on the remaining issues. The costs of this appeal, in the

amount of $1,376.50, are assessed as follows: one-half to the City of Abbeville, and one-half to the City of Kaplan.

**REVERSED AND REMANDED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 11-766

## CITY OF ABBEVILLE, ET AL.

## VERSUS

## VERMILION PARISH POLICE JURY

**********

**PAINTER, J. dissents.**

I respectfully dissent from the majority opinion. The majority finds that La.Ch.Code art. 815(E) applies only to regional detention facilities or shelter care facilities and that the facilities in question are neither. However, it finds that the cities must show that the Police Jury is legally responsible for these costs, and that the cities failed to introduce sufficient evidence to prove that a custom exists whereby the Police Jury is responsible for paying these costs. As a result, the majority finds that the cities have failed to show that the Police Jury is obligated to pay the costs for the juvenile detentions at issue.

I agree that La.Ch.Code art. 815(E) applies only to regional detention facilities or shelter care facilities and that the facilities in question are neither. However, I disagree with the finding with regard to custom. The Police Jury in its reconventional demand states that:

> Prior to March, 2010, the Vermilion Parish Police Jury paid all costs associated with the confinement of juveniles who had been placed into detention or protective custody by the order of the Judge of Abbeville and Kaplan City Courts on the erroneous belief that the Parish was responsible for those costs.

Thus the pleadings of the Police Jury establish that it was the custom of the Police Jury to pay these costs. Accordingly, I would affirm the judgment of the trial court.