STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1060

SUCCESSION OF GABRIA PEPPER WILKINS

Judgment Rendered: **MAY 1 1 2020**

* * * * * * *

APPEALED FROM THE NINETEENTH JUDICIAL COURT
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER P98063, SECTION 27

HONORABLE TRUDY M. WHITE, JUDGE[1]

* * * * * * *

| | |
|---|---|
| Robert W. Fenet<br>Baton Rouge, Louisiana | Attorney for Defendants/Appellants<br>Charles Elem Wilkins, Sr., and<br>Randall Glenn Wilkins |
| M. Janice Villarrubia<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellee<br>Charles Elem Wilkins, Jr. |

**BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.**

---

[1] Judge Todd Hernandez presided over the case until his retirement.  Thereafter, Judge Trudy White presided over the case.

**McDonald, J.**

In this case, the co-executors of a succession appeal a summary judgment finding that an adult child of the decedent was a forced heir, pursuant to La. C.C. art. 1493, due to bipolar disorder. After *de novo* review, we affirm.

## FACTS AND PROCEDURAL HISTORY

Charles Elem Wilkins, Sr., (Mr. Wilkins, Sr.), and Gabria Pepper Wilkins (Mrs. Wilkins) were married for fifty-four years and had two adult children, Charles Elem Wilkins, Jr., (Mr. Wilkins, Jr.), born October 6, 1960, and Randall Glenn Wilkins, born September 5, 1961. Mrs. Wilkins died on January 9, 2014. Mrs. Wilkins left a Last Will and Testament, dated February 18, 2009, in which she left her entire estate to Mr. Wilkins Sr.

On June 3, 2014, without notice to the defendants, Mr. Wilkins, Jr., filed a petition to be appointed administrator of Mrs. Wilkins' estate. He maintained that Mrs. Wilkins had died intestate, that he was the best qualified of the legal heirs, and that he was capable of taking care of himself and his estate. He also maintained the he was an heir to one-half of the estate. Mr. Wilkins, Jr., was thereafter appointed administrator of the succession.

After discovering these actions, Mr. Wilkins, Sr., and Randall Wilkins filed a petition to be appointed co-executors of the succession, attesting that Mrs. Wilkins' will had been found after a diligent search. Mr. Wilkins, Sr., and Randall Wilkins were named as co-executors of the succession, Mr. Wilkins, Jr., was removed as administrator of the succession, and the will was probated.

Thereafter, Mr. Wilkins, Jr., filed a petition for reduction of excessive gifts, and asked to be declared a forced heir of the succession, pursuant to La. C.C. art. 1493, due to his bipolar disorder. On January 23, 2015, Mr. Wilkins, Jr., filed a motion for summary judgment on the issue of his status as a forced heir. Mr.

2

Wilkins, Jr., attached the following as exhibits: his affidavit, in which he attested that he was diagnosed with bipolar disorder in 2006, that he was being treated for bipolar disorder at the time of Mrs. Wilkins' death, and that he had been involuntarily committed to a mental institution twice; the affidavit of his treating psychiatrist, Dr. Ashwin Sura, attesting that he had treated Mr. Wilkins, Jr., for bipolar disorder since 2006, that Mr. Wilkins, Jr., had intermittent explosive disorder and narcissistic personality disorder along with other physical issues, and that Mr. Wilkins, Jr., was suffering from bipolar disorder, intermittent explosive disorder, narcissistic personality disorder, and the other issues at the time of Mrs. Wilkins' death; and Mr. Wilkins' medical records from Dr. Sura.

Mr. Wilkins, Sr., and Randall Wilkins filed an opposition to the motion for summary judgment, maintaining that genuine issues of material fact existed, because Mr. Wilkins, Jr., had attested in his petition that he was capable of caring for himself and his estate, and because Mr. Wilkins, Jr., had not established that he had an inherited, incurable disease, which may render him incapable of caring for himself or administering his estate in the future. They attached as exhibits Mr. Wilkins, Jr.'s, petition, verification, and affidavit, as well as the affidavit of Dr. Sura, and Mr. Wilkins, Jr.'s, medical records from Dr. Sura.

After a hearing, the trial court found that there were genuine issues of material fact as to whether Mr. Wilkins, Jr.'s, mental condition was inherited, incurable, and may render him permanently incapable of taking care of himself or administering his estate in the future, and denied the summary judgment. The judgment was signed on August 31, 2017.

On September 22, 2017, Mr. Wilkins, Jr., filed a second motion for summary judgment to be declared a forced heir. Mr. Wilkins attached in support of the motion: the documents submitted with his first motion; as well as a second

3

affidavit from Dr. Sura, attesting that bipolar disorder was an inherited, incurable disease, that Mr. Wilkins, Jr., had been involuntarily committed to mental institutions on two occasions due to bipolar disease when he was incapable of taking care of himself and his affairs, and that Mr. Wilkins, Jr., may be rendered incapable of taking care of himself and his affairs in the future due to his bipolar disease and other mental and medical issues; medical records from Mr. Wilkins, Jr.'s involuntary commitments at two psychiatric treatment hospitals, St. James Hospital and Seaside Health System; and a letter from Dr. Robert Blanche, a psychiatrist who treated Mr. Wilkins, Jr., at Seaside Hospital, for assessment and treatment after a suicide attempt, stating that Mr. Wilkins, Jr., had bipolar disorder, was significantly disabled, was almost certain to be disabled in the future, and that it was highly probable that Mr. Wilkins, Jr., had at least one first degree relative with bipolar disorder.

Mr. Wilkins, Sr., and Randall Wilkins opposed the second motion for summary judgment. They attached as exhibits to their opposition: Dr. Sura's first affidavit and medical records of Mr. Wilkins, Jr; Mr. Wilkins, Jr.'s petition to be appointed administrator, verification, and affidavit of death, domicile, and heirship; and the trial court's ruling on the first motion for summary judgment.

Following a hearing on November 13, 2017, the trial court granted the summary judgment. The judgment was signed on February 14, 2018. Mr. Wilkins, Sr., and Randall Wilkins filed a motion for new trial, which was denied. Mr. Wilkins, Sr., and Randall Wilkins appealed the summary judgment. That appeal was dismissed after this court found that the judgment did not contain decretal language, and thus, was not final and appealable. **Succession of Wilkins**, 2018-0932 (La. App. 1 Cir. 4/17/19), 276 So.3d 598, 600.

In an amended judgment, dated April 30, 2019, the trial court granted

4

summary judgment in favor of Mr. Wilkins, Jr., and against Mr. Wilkins, Sr., and Randall Wilkins, finding that Mr. Wilkins, Jr., was a forced heir of the succession under La. C.C. art. 1493A & E. This appeal followed.

**ANALYSIS**

In their sole assignment of error, Mr. Wilkins, Sr., and Randall Wilkins maintain that the trial court erred in granting summary judgment because there are genuine issues of material fact as to whether Mr. Wilkins, Jr., is a forced heir under Louisiana law.

A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Samaha v. Rau**, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882-833.

Louisiana Civil Code article 1493 provides in part:

> A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.
>
> . . . . .
>
> E. For purposes of this Article "permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent" shall include descendants who, at the time of death of the decedent, have, according to medical documentation, an inherited, incurable disease or condition that may render them incapable of caring for their persons or administering their estates in the future.

The trial court found in its reasons for judgment:

> Unlike the first go round on [Mr. Wilkins, Jr.'s] motion, the court finds that the evidence presented establishes undisputedly that the mover is a descendant of the first degree to Mrs. Wilkins and that he was diagnosed with bipolar and other mental disorders prior to, at the time of and since his mother's death. The evidence submitted has also established without any opposition evidence presented, that the

5

mover's mental incapacity or diagnosis is inherited, incurable and "may" render him permanently incapable of taking care of his person or administering his estate in the future. (R. p. 924)

On appeal Mr. Wilkins, Sr., and Randall Wilkins maintain that Mr. Wilkins, Jr., was guilty of cruel and unusual treatment to his mother and father for a period of over ten years, and as a result, both Mrs. Wilkins and Mr. Wilkins, Sr., disinherited Mr. Wilkins, Jr.

The record shows that after Mrs. Wilkins died and Mr. Wilkins, Jr., realized she had disinherited him, he went to his psychiatrist, Dr. Sura, and stated that he was angry. Mr. Wilkins, Jr., then went to his father's home when it was empty, broke in through a window, and took things from the house. He also advised Dr. Sura that he would hire a lawyer to get his share of his mother's succession. Mr. Wilkins, Jr., thereafter, filed his petition to be appointed administrator of Mrs. Wilkins' succession, stating that he was capable of taking care of his estate and Mrs. Wilkins' estate.

Mr. Wilkins, Sr., and Randall Wilkins submit that this was a judicial admission by Mr. Wilkins, Jr., that he was of sound body and mind at the time that he filed the pleading, and that he was capable of taking care of not only his own estate, but also his mother's. They aver that subsequently, it was proven that Mr. Wilkins, Jr., had submitted conflicting statements, as he later filed pleadings alleging that he was a forced heir because he was bipolar and could not take care of himself. Mr. Wilkins, Sr., and Randall Wilkins maintain that these statements are the basis for a genuine issue of material fact, as he has filed contradictory statements and given testimony which is irreconcilable. They further maintain that the will was probated, showing that Mrs. Wilkins deliberately left Mr. Wilkins, Jr., out of her will, and that they are seeking to carry out the true intent of Mrs. Wilkins, as set out in her will.

Summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A (3). The burden of proof rests with the mover. Once the mover carries his burden of proof, the burden is thereafter on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art 966D(1).

Mr. Wilkins, Jr., cites two cases in support of his position that there is no genuine issue of material fact that he is a forced heir: **In re Succession of Ardoin**, 2007-0043 (La. App. 3 Cir. 5/30/07), 957 So.2d 937, writ denied, 2007-1332 (La. 9/28/07), 964 So.2d 360; and **Succession of Forman**, 2009-1455 (La. App. 3 Cir. 5/5/10), 37 So.3d 1081, writ denied, 2010-1100 (La. 9/3/10), 44 So.3d 684.

In **In re Succession of Ardoin**, the plaintiff's mother died, leaving as survivors her husband and three adult daughters from a previous marriage. The decedent left a will in which she left the entirety of her estate to her husband. Ms. Sailors, one of the daughters, filed a petition for reduction of excess legacy, claiming to be a forced heir, as she had an inherited, incurable disease that rendered her incapable of caring for herself or her estate in the future. At a hearing on the petition, the trial court heard testimony concerning Ms. Sailors' bipolar disorder, and thereafter ruled that Ms. Sailors did not have an inherited, incurable disease or condition that may render her permanently incapable of caring for her person or administering her estate in the future. **In re Succession of Ardoin**, 957 So.2d at 938-939.

Ms. Sailors appealed, and on appeal the third circuit reversed, finding that the evidence presented at trial showed that Ms. Sailors was incapable of administering her estate at times, that her doctor testified as to the fluctuating

7

nature of Ms. Sailors' condition, labeling it as unpredictable and recurrent, and opined that "the future could be the same as the past." Given these considerations, the third circuit found that Ms. Sailors had proven herself to be a forced heir, meeting the criteria of La. C.C. art. 1493. **In re Succession of Ardoin**, 957 So.2d at 943-945.

In **Succession of Forman**, Mrs. Forman was predeceased by her husband and survived by their two adult daughters and an adult son. In her will, Mrs. Forman left her home and all her immovable property to her sister. The three adult children contested the will, and later filed a petition for reduction of excess legacy, as they claimed to be forced heirs. The two daughters claimed they had mental illness, including bipolar disorder, which they maintained rendered them incapable of caring for themselves. The son did not raise any issue as to his status as a forced heir. **Succession of Forman**, 37 So.3d at 1082.

After a trial, the trial court found that, although both daughters suffered from an incurable mental illness, the illness did not render them incapable of taking care of themselves or administering their estates. The trial court found that the daughters were not forced heirs pursuant to La. C.C. art. 1493, that Mrs. Forman's sister was entitled to the legacy bequeathed to her, and reduction was not required since there were no forced heirs. **Succession of Forman**, 37 So.3d at 1082-1083. On appeal, the third circuit reversed, finding that the daughters were forced heirs. The record included testimony from both daughters regarding the difficulties they faced in managing their lives, the testimony of an expert in the field of psychiatry, and the daughters' medical records. **Succession of Forman**, 37 So.3d at 1083-1085.

In the present case, the evidence presented in support of the motion for summary judgment shows that Mr. Wilkins, Jr., has bipolar disorder, as well as

other mental and medical issues. He has been involuntarily committed to a mental hospital twice, and his treating psychiatrist, Dr. Sura, attests that his condition is inherited and incurable, and that he may be rendered incapable of taking care of himself and his estate in the future because of his medical issues. A second psychiatrist, Dr. Blanche, who treated Mr. Wilkins, Jr., during involuntary inpatient treatment at a mental facility, agreed that Mr. Wilkins, Jr., has bipolar disorder, that it was highly likely that Mr. Wilkins, Jr., had at least one first degree relative with bipolar disorder, and that the likelihood of future disability was almost certain.

In opposition to the motion for summary judgment, Mr. Wilkins, Sr., and Randall Wilkins rely upon Mr. Wilkins, Jr.'s, self-serving attestation that he was capable of caring for himself and his mother's estate at the time that he sought to be appointed the administrator of Mrs. Wilkins' estate. After *de novo* review, we find that this self-serving attestation by Mr. Wilkins, Jr., who has a long history of mental illness, is not factual support sufficient to establish the existence of a genuine issue of material fact as to whether Mr. Wilkins, Jr., qualifies as a forced heir to the estate of Mrs. Wilkins pursuant to La. C.C. art.1493. See La. C.C.P. art 966D(1).

Therefore, the trial court judgment, granting summary judgment in favor of Charles Elem Wilkins, Jr., is affirmed. Costs of this appeal are assessed against Charles Elem Wilkins, Sr., and Randall Glenn Wilkins.

**AFFIRMED.**